# Faux *v.* Fitler, Appellant.

*Promissory note—Evidence—Parol evidence—Fraud—Contemporaneous agreement—Partnership.*

1. The existence of a contemporaneous parol agreement between the parties under the influence of which a note or contract has been signed, which is violated as soon as it has accomplished its purpose in securing the execution of the paper, may always be shown when the enforcement of the paper is attempted. It is a plain fraud to secure the execution of an instrument by representations as to the manner in which payment shall be made, differing in important particulars from those contained in the paper, and, after the paper has been signed, attempt to compel literal compliance with its terms regardless of the contemporaneous agreement without which it would never have been signed at all.

2. In an action on promissory notes an affidavit of defense is sufficient which avers that the defendant, the maker, was induced to sign the notes by a contemporaneous agreement on the part of the plaintiff, the payee, that if losses should occur to an amount named in a partnership between the parties the note should not be enforced, and that such losses had in fact been made.

*Affidavit of defense—Whole claim—Part of claim—Judgment.*

3. Where a plaintiff takes a rule for judgment for the whole amount of his claim for want of a sufficient affidavit of defense, he cannot ask that judgment be entered for part of the claim apparently due under the affidavit of defense.

Argued Jan. 8, 1909. Appeal, No. 249, Jan. T., 1908, by defendant, from order of C. P. No. 5, Phila. Co., March T., 1908, No. 818, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William J. Faux v. Alfred E. Fitler. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit upon promissory notes.

The opinion of the Supreme Court states the case.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Francis M. McAdams,* with him *William H. Wilson* and *Joseph P. Rogers,* for appellant.—The existence of a contemporaneous agreement on the faith of which a note has been given, and which agreement has been violated after it has accomplished its purpose, to wit: the execution of the note, may be shown when the enforcement of the note is admitted between the original parties thereto: Hoeveler v. Mugele, 66 Pa. 348; Clinch Valley Coal and Iron Co. v. Willing, 180 Pa. 165; Martin v. McCune, 8 Pa. Superior Ct. 84.

*Samuel W. Cooper,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 1, 1909:

This is an action of assumpsit by the payee against the maker of three promissory notes. The court below entered judgment against the defendant for want of a sufficient affidavit of defense for the whole amount of the debt and interest of the notes. We think the judgment is erroneous and that the affidavit was sufficient to send the case to a jury.

This controversy being between the original parties to the notes, the defendant could defeat a recovery by showing a contemporaneous parol agreement between the maker and the payee which induced the former to execute and deliver the notes, and which agreement had been violated by the payee. This doctrine is well settled by many decisions in this state, the more recent of which, citing the earlier cases, are Keller v. Cohen, 217 Pa. 522, and Gandy v. Weckerly, 220 Pa. 285. In Clinch Valley Coal and Iron Co. v. Willing, 180 Pa. 165, Mr. Justice WILLIAMS, speaking for the court, said (p. 167): "The existence of a contemporaneous parol agreement between the parties under the influence of which a note or contract has been signed, which is violated as soon as it has accomplished its purpose in securing the execution of the paper, may always be shown when the enforcement of the paper is attempted. It is a plain fraud to secure the execution of an instrument by representations as to the manner in which payment shall be made, differing in important particulars from those contained in the paper, and, after the paper has been signed, attempt to compel

literal compliance with its terms, regardless of the contemporaneous agreement without which it would never have been signed at all." That case was an action on two promissory notes given to secure deferred payments for town lots and secured by trust deeds for the lots. An affidavit of defense was held sufficient which averred that at the time the notes were executed a parol agreement was made that the lots should be reconveyed to a trustee who should hold them as security for the sums due upon the notes and exhaust such security before payment of the notes should be required of the maker, and that the agreement had not been carried out.

Andrews v. Packing Co., 206 Pa. 370, was an action on certain promissory notes, and an affidavit of defense was held sufficient which averred that the notes were given as memoranda for advances by plaintiff to defendant on a contract under which the plaintiff was to sell on commission the product of the defendant's packing operations; that the plaintiff had refused to take the whole product and by reason thereof part of it was left over and lost; that plaintiff had not accounted for the whole of the goods actually taken, had overcharged commissions on the part sold and accounted for; and that plaintiff upon these transactions was indebted to the defendant in a greater sum than the amount of the note sued upon. In Kennett Square National Bank v. Shaw, 209 Pa. 313, it was held in an action on a promissory note by the payee against the maker that an affidavit was sufficient which averred that the note was to be discounted for the benefit of a certain corporation, and setting up a written agreement by payee to look to the dividends of said corporation for payment. In Keller v. Cohen, 217 Pa. 522, an action on two promissory notes, an affidavit was held sufficient which averred, inter alia, that the maker was induced to accept the loan, sign the notes and execute and deliver the assignment on the faith of the representation made by the payee that the loan should be paid out of the immediate proceeds or profits derived from the sale of umbrella tubes made, and not otherwise, without which assurance and inducement the maker would not have accepted the loan, signed the notes or executed the assignment.

We agree with the plaintiff's counsel that there is a "variety of statements made by the defendant in his two affidavits of defense;" and confusion naturally results as to what defense he really intends to rely upon. Several of the averments in the affidavits are wholly without merit as a defense on the notes in suit and will be so declared if presented on the trial of the cause. The affidavits are neither concise nor clear, and if the matters therein averred were submitted to a jury it would have great difficulty in arriving at a conclusion. There is sufficient, however, we think to send the case to the jury, and it will be the duty of the trial judge to submit for the consideration of the jury any meritorious defense the defendant may present.

After admitting the due execution of the notes in suit and the receipt of the money thereon, the affidavits aver, inter alia, that at the time of and previous to the execution of the notes an oral partnership arrangement existed between the plaintiff and the defendant, and that it was engaged in the purchase and sale of certain stocks in the stock market. By the terms of this partnership or joint venture the parties were to contribute to a joint fund which was to be used by the defendant in purchasing stocks from time to time in his own name, the purchase being for the joint interests of both parties. Any profits arising, either from dividends from the stock purchased or from the sale of any of the stocks at a subsequent date, were to be divided between the parties, and "in the event of the investment proving a loss, involving wholly the amounts to be advanced by the plaintiff, he would release the defendant from all obligations assumed by defendant under and by virtue of the said three notes given by defendant to plaintiff." The three notes in suit were given by the defendant to the plaintiff to secure moneys used in the purchase of stock for the joint interest of the parties in pursuance of the partnership agreement. The defendant made certain purchases and sales of stock as provided by their agreement and a schedule is attached to the affidavit and made part of it which exhibits the purchases and sales made by the defendant on account of the partnership. The affidavit avers that there were "losses aggregating $3,193.75, and that there were other and greater losses involved

in the said transactions, which over and above the sum of $3,000 contributed by the plaintiff as aforesaid were borne wholly and exclusively by the defendant." It is further averred in the affidavit that defendant "contributed more largely to the fund used in the purchase of said stocks than did the plaintiff, and that his losses already aggregate much more than $3,000, the amount advanced by the plaintiff." The defendant alleges that by reason of the losses resulting from the sales of the stock purchased in the joint venture that the three notes have been satisfied in full and that there is nothing due the plaintiff thereon; "and that until there is an accounting and a balance struck between him and the plaintiff, he is not indebted to the said plaintiff in the sum of $3,000 or in any other sum whatever." Finally, it is averred "that but for the mutual understanding and agreement he (the defendant) would not have signed or delivered the said notes to the said plaintiff."

These and other allegations of the affidavits the defendant "avers to be true and expects to be able to prove upon the trial of this cause." The allegations in the affidavits seem to bring the case within the rule of the cases we have cited above, and that the defendant has the right to show that while conceding the execution and delivery of the notes they were paid in the way agreed upon by the parties at the time they were executed. The action being between the original parties to the notes, they could make any agreement as to the manner of payment they thought fit, and having made such an agreement neither party can be permitted to violate it.

The plaintiff's counsel seems to think that conceding this to have been a partnership transaction between the parties, the plaintiff can maintain an action for the balance due on an accounting between the parties. That question does not arise here and we give no opinion upon it. This is an action on the notes, and the rule entered by the plaintiff in this case was "for judgment for want of a sufficient affidavit of defense on the above case," and not for judgment for a part of the plaintiff's claim under the Act of July 15, 1897, P. L. 276. The plaintiff did not take a rule, as he might have done, for want of a sufficient affidavit as to a specified and designated portion

of the claim under the statute just named.   Had he done so, he then might have contended that he was entitled to judgment for the specific sum which apparently seems to be due under the affidavit of defense.   Having, however, taken a rule for judgment for the whole claim for want of a sufficient affidavit of defense he was not in a position in the court below to ask that judgment be entered for part of his claim.

The judgment is reversed with a procedendo.