## Miller *v.* Fry, Appellant.

*Promissory notes—Contemporaneous agreement—Parol evidence—Evidence—Fraud.*

1. Where a person is' induced by a contemporaneous parol promise to sign a promissory note which he would not have signed, except for the promise, a subsequent breach of the promise is a fraud upon his rights, and he may set up the breach as a defense to the note, and prove the promise by parol evidence.

2. In an action upon such a note where the defendant sets up in his affidavit of defense the promise and the breach thereof, and avers that he expects to prove the facts averred, the presumption is that he will do so by proper proof at the trial. He is not required in his affidavit of defense to set forth the manner in which the facts therein alleged will be proved, nor the evidence by which they will be substantiated.

Argued March 11, 1914. Appeal, No. 10, March T., 1914, by defendant, from order of C. P. York Co., April Term, 1913, No. 63, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William A. Miller v. George W. Fry. Before Rice, P. J., Orlady, Head, Porter, Henderson, Kephart and Trexler, JJ. Reversed.

Assumpsit on a promissory note. Before Ross, J.

The note in suit was as follows:

No.
"UNITED STATES OF AMERICA. 3626
· Due
2/20/13. ·
"$1000 West York, Pa., Nov. 22, 1912.
"Ninety days after date I promise to pay to the order of William A. Miller at The Industrial National Bank, West York, Pa., One Thousand.......Dollars, without defalcation, for value received, hereby waiving the benefits of all valuation, appraisement, stay and exemption laws. "George W. Fry. .
"Postoffice Address 643 E. Mkt.
"Endorsed: 1. William A. Miller." .

The statement set forth that during the year 1911, the defendant requested the plaintiff to indorse his (the defendant's) promissory note for $1,000 as an accommodation indorser; that he (the plaintiff) thereupon indorsed a note made and prepared and signed by the defendant payable ninety days after date thereof to the order of the plaintiff.

That the defendant thereafter presented said note to the Industrial National Bank of West York, Pa., and the said bank discounted the same and paid the proceeds to the defendant.

That he, the plaintiff, received no part of the proceeds thereof nor any consideration or article of value therefor.

That the note when it matured was renewed by the said George W. Fry, by a new like note which was indorsed by William A. Miller without any consideration; and that George W. Fry paid the discount.

That the said renewal note was again renewed in like manner and such renewals continued at the maturities thereof until November 22, 1912.

On November 22, 1912, the said George W. Fry again made his certain promissory note, payable to the order of the said William A. Miller, at the Industrial National Bank of West York, Pa., in the sum of $1,000, and delivered the same to the Industrial National Bank of West York, Pa., after it had been indorsed by the plaintiff.

That the discounts on all of said renewals were paid by George W. Fry.

That William A. Miller paid no part of any of the discounts on said renewals and received no consideration whatever for his indorsement.

That when said last-mentioned note matured, payment was refused and the same was protested on February 20, 1913.

That on February 21, 1913, William A. Miller paid the note to the bank, and paid the costs of protest

amounting to $2.35 to the Industrial National Bank of West York, Pa.

That since the payment by plaintiff of said note and costs of protest he has demanded the same from the defendant who refuses to pay.

The plaintiff sues the defendant to recover $1,000, with interest from February 21, 1913, and $2.35 costs for protesting the note.

The defendant filed his affidavit of defense and subsequently filed a supplemental affidavit of defense.

The affidavits of defense admitted the making of the note by the parties as recited by plaintiff's statement, but denied that the same was executed and discounted at the request or solicitation of defendant and averred that:

8. On or about September 29, 1911, the plaintiff and defendant desired to provide the sum of $1,000 for the use and benefit of one John W. Bittenger, and the plaintiff then stated, represented and agreed to and with the defendant that, if the defendant will join with the plaintiff in borrowing the said sum for the use and benefit of the said John W. Bittenger, the said John W. Bittenger will repay to the plaintiff and defendant the said sum, or pay the note, debt and obligation which the plaintiff and defendant will give and incur by borrowing the said sum, and the plaintiff will induce and cause the said John W. Bittenger to repay to the plaintiff and defendant the said sum, or pay the note, debt and obligation which the plaintiff and defendant will give and incur by borrowing said sum, and thereupon the defendant, having faith in, relying upon, and being induced by the said statement, representation and agreement made by the plaintiff as aforesaid, orally agreed with the plaintiff that they, the plaintiff and defendant, jointly will borrow from the Industrial National Bank at West York, Pa., the sum of $1,000, for the use and benefit of said John W. Bittenger, and in pursuance of, and for the purpose of performing the last-mentioned agreement,

476 MILLER *v.* FRY, Appellant.

Statement of Facts—Assignment of Errors. [57 Pa. Superior Ct.

and having faith in, relying upon and being induced by the aforesaid statement, representation and the first mentioned agreement, and for the purpose and with the intent of enabling the plaintiff and defendant jointly to borrow the aforesaid sum for the use and benefit aforesaid, and with no other inducement, and with no other intent or purpose, and following the suggestion that the officers of said bank desire a promissory negotiable note signed by the plaintiff or defendant and indorsed by the other, the defendant signed as maker, a promissory note, prepared by the plaintiff, dated on or about September 29, 1911, for $1,000, payable ninety days after date at said bank, to the order of the plaintiff, and the plaintiff thereupon indorsed the same, and the plaintiff and defendant, with the intent and purpose of enabling the defendant and the plaintiff jointly to borrow and obtain from said bank the aforesaid sum for the use and benefit aforesaid, and with no other intent or purpose whatsoever, delivered the said note so made and indorsed to said bank, and thereupon received from said bank the sum of $1,000, less the charge for the discount of said note, and paid over and applied the same for the use and benefit of the said John W. Bittenger in accordance with the agreements between the plaintiff and defendant above set forth.

10. That the said John W. Bittenger did not repay to the plaintiff and defendant, nor to either of them, the said sum of $1,000, or any part thereof, nor pay the aforesaid note, or the debt and obligation incurred by the plaintiff and defendant in borrowing said money as aforesaid; and the plaintiff did not make any effort, directly or indirectly, to induce or cause the said John W. Bittenger to pay to the plaintiff and defendant or to either of them the aforesaid sum, or to pay the last mentioned note, or any renewal thereof, or any part of said note, or of any renewal thereof.

*Error assigned* was the order of the court.

*Allen C. Wiest,* with him *J. W. Gitt,* for appellant.

*W. F. Bay Stewart,* with him *Frederick B. Gerber,* for appellee.

OPINION BY TREXLER, J., July 15, 1914:

This was an action of assumpsit by the payee against the maker of a promissory note. The court below entered judgment for want of a sufficient affidavit of defense. We think the defendant was entitled to go to trial. The affidavit is not as clear and precise as we might wish, but we cannot say it is so faulty as not to disclose a valid defense. After specifically denying the material facts contained in the statement, it alleges that the plaintiff and defendant, desiring in common to borrow the sum of $1,000 for the benefit of J. W. Bittinger, jointly obtained said sum from the Industrial National Bank of West York and paid it over for the benefit of Bittinger; the note being signed by the defendant to the order of the plaintiff and that he, the defendant, received no part of the proceeds of the note. As between the parties to this suit, the affidavit is an averment of no consideration, and an absence of any contractual relation excepting such as would arise by reason of their joint liability, and that the payee warranted the payment of the debt by Bittinger.

The learned judge of the court below held that this was attempting to contradict, or vary the terms of a written instrument by parol evidence, without proof or allegation of fraud or mistake and that such departure from the terms of a written instrument must be shown by evidence, clear, precise and indubitable. In this we think he was in error.

Where the contemporaneous parol agreement induced the defendant to enter into the contract, he may prove such contemporaneous agreement by parol evidence. In doing this it is not necessary that the party was actuated by fraud in obtaining the defendant's signa-

ture. His asserting rights subsequently, contrary to the agreement of the parties, constitutes fraud.

When the defendant alleges a defense of such a character and asserts that he expects to prove it at the trial, the presumption is that he will do so by proper proof at the trial. Whether the appellant will be able to sustain his defense by the proper measure of proof is not a question now before us: Gandy v. Weckerly, 220 Pa. 285 (293).

There are a large number of cases which hold that an affidavit of the character of the one which is before us is sufficient to prevent judgment. Among them are Faux v. Fitler, 223 Pa. 568; Kennett Square National Bank v. Shaw, 209 Pa. 313; Marquis v. McKay, 216 Pa. 307.

As stated by Justice MESTREZAT in Faux v. Fitler, supra, quoting Clinch Valley Coal and Iron Co. v. Willing, 180 Pa. 165: "The existence of a contemporaneous parol agreement between the parties under the influence of which a note or contract has been signed, which is violated as soon as it has accomplished its purpose in securing the execution of the paper, may always be shown when the enforcement of the paper is attempted. It is a plain fraud to secure the execution of an instrument by representations as to the manner in which payment shall be made, differing in important particulars from those contained in the paper, and, after the paper has been signed, attempt to compel literal compliance with its terms, regardless of the contemporaneous agreement without which it would never have been signed at all."

The question is also fully discussed in Gandy v. Weckerly, 220 Pa. 285. These cases so clearly apply to the one before us that we deem further comment unnecessary.

The judgment of the lower court is reversed and a procedendo awarded.