## Smith *v.* National Bank of Sayre, Appellant.

*Promissory note—Contract—Parol evidence—Voluntary payment—Guaranty.*

1. In an action against a bank to recover a sum of money paid by the plaintiffs to the defendant on account of a promissory note signed by the plaintiffs, where it appears that at the time the note was made, another paper was executed, and attached to the note, and that this paper constituted with the note the whole contract, and it was also shown that such paper had been lost, parol evidence is admissible to establish its contents, and such evidence with the note itself must be submitted to the jury under proper instructions to determine what the real contract was.

2. If in such a case the evidence tends to show that the plaintiffs were not the real makers of the note, although they had signed it, and that they had paid the note under a clear mistake of fact resulting from misrepresentations made by the real maker and the cashier of the defendant bank, the case is for the jury, and a verdict for the plaintiff will be sustained.

3. In such a case where it appears that the bank knew that one of its depositors was the real debtor, it was the bank's duty to charge up the note to the account of such depositor as soon as the state of his account warranted it; and if the bank failed to make such charge when such depositor had in fact a sufficient balance in his account to pay the note, and the plaintiffs were induced to pay it by misrepresentations of the cashier that there were no such funds to meet the note, the bank will be liable.

Argued Nov. 18, 1914.  Appeal, No. 52, Oct. T., 1914, by defendant, from judgment of C. P. Bradford Co., Sept. T., 1911, No. 59, on verdict for plaintiff in case of F. E. Smith et al., trading as Smith, Miller & Wright, v. National Bank of Sayre.  Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.  Affirmed.

Assumpsit to recover $600, voluntarily paid by the plaintiffs to the defendant on account of a promissory note signed by the plaintiffs.  Before MAXWELL, P. J.

The facts appear by the former report of the case in 53 Pa. Superior Ct. 368.

Verdict and judgment for plaintiff for $742.25. Defendant appealed.

*Errors assigned* were various rulings and instructions.

*Rodney A. Mercur*, with him *Chas. C. Yocum*, for appellant.

*John C. Ingham*, with him *Frank E. Wood*, for appellees.

OPINION BY HEAD, J., February 24, 1915:

When we formerly sent this case back to be retried, Smith v. Natl. Bank of Sayre, 53 Pa. Superior Ct. 368, we pointed out that there were two controlling questions to be determined under the evidence.

(1) It was of vital importance to the plaintiffs to show the real contract into which they had entered. It is agreed their contract was in writing. The note, however, on which the defendant bank relies was not, under the evidence, the whole of the written contract. At the same time the note was made, another paper was executed which was then attached to the note and was just as important a feature of the whole contract as the note itself. At the time of the trial that paper had disappeared from the custody of the bank and could not be produced. Parol evidence was therefore admissible to establish its contents. It then became the function of the jury to determine, under the evidence and after proper instructions by the trial judge, what the real contract was. That fact ascertained, the rights and obligations of the respective parties were fixed by it. The introduction of parol evidence in such a case is not for the purpose of contradicting, setting aside, or even reforming a written contract. Its purpose here was twofold, (a) to determine what was the contract, (b) to show that the use which the bank sought to make of the note was in violation of that contract taken as a whole

and would result in a fraud upon the present plaintiffs. Such evidence has always been admissible for these purposes. A long line of cases might easily be cited in support of this proposition, but we deem such citation unnecessary. Many of them are referred to in the opinion of our Brother TREXLER in the recent case of Miller v. Fry, 57 Pa. Superior Ct. 473.

(2) The plaintiffs, in their effort to recover the money they had paid, were further confronted with the proposition that their payment was a voluntary one, and therefore could not be recovered. There was ample evidence offered at the trial to establish that the payment had been made under a clear mistake of fact, and further that such mistake was brought about by the respective misrepresentations of both Ashton and the cashier of the bank. Again it is clear that such evidence was admissible, and when determined that a payment was made under such circumstances, there is no legal obstacle in the way of its recovery.

All of the evidence on both branches of the case was submitted to the jury by the learned trial judge with full instructions, of which we can perceive no just criticism. The verdict, under the submission, establishes that Ashton was the real debtor, under the contract with the bank, whilst the true relation to it of the plaintiffs was that of guarantors. This being found, the duty of the bank, visited, as it was with knowledge of all of the facts now disclosed by the evidence, was to charge up the obligation to the account of its depositor, Ashton, as soon as the state of his account would warrant the action. The general obligation of a bank, under such circumstances, is discussed at length in Commercial National Bank v. Henninger, 105 Pa. 496. This the bank failed to do. The jury were further warranted in finding, under the evidence, that the plaintiffs were misled into making the payment they did make by the positive misrepresentations of the bank's officer that Ashton had made no deposits against which this note could be

charged, although that appears to have been fully contradicted by the facts.

We are of opinion the case has now been tried in accordance with the directions given by this court on the former appeal, and we are unable to discover in the entire record any reversible error. The assignments are therefore overruled.

Judgment affirmed.