## LEVY *et al.* v. GROSS.

No. 4232.   Opinion Filed May 25, 1915.

(149 Pac. 237.)

1.   **BROKERS—Right to Commission—Dual Agency.** A broker, act-
ing for both parties in effecting a deal, can recover compensa-
tion from neither, unless his double employment was known
and assented to by both parties to the transaction.

2.   **APPEAL AND ERROR—Ground for Reversal—Instructions—Is-
sues.** An instruction upon a material issue, not raised by the
pleadings, is reversible error.

(Syllabus by Collier, C.)

*Error from District Court, Oklahoma County;*

*W. R. Taylor, Judge.*

Action by Sam Levy and another, doing business as Levy
Bros., against F. A. Gross. Judgment for defendant, and plain-
tiffs bring error. Reversed and remanded.

This is an action, instituted by Sam Levy and Leon Levy,
doing business as Levy Bros., plaintiffs in error, hereinafter called
plaintiffs, against F. A. Gross, defendant in error, hereinafter
called defendant, upon a written obligation for $1,000 for the
services of plaintiffs in securing a lease to defendant from A. M.
Barber of certain lots in Oklahoma City, named in said lease,
and specifying that said $1,000 was to be deducted from the
amount of cash that was deposited by defendant with said Barber
to secure the performance of the covenants of the lease on the
part of defendant. The evidence in the case, so far as we deem
necessary to consider the same, is that plaintiffs are real estate
agents, doing business in Oklahoma City, and were employed to

secure for said defendant the lease of said lots named in said writing. There were admissions by plaintiffs, to the effect that they received from said Barber the sum of $1,000 as a commission for securing said lease, on the part of said Barber, and that plaintiffs did not inform defendant they had, or were to receive, said commission from said Barber for negotiating said deal. That the plaintiffs received said commission from Barber for making said lease by and between the defendant and said Barber was not pleaded in any manner by defendant. The court, among other istructions, instructed the jury as follows:

"(5) You are instructed that under the laws of the state of Oklahoma a real estate agent cannot represent both parties to a transaction and cannot collect commission from both parties to the transaction, unless he so acts with the knowledge and consent of both parties, and if in this case you believe from the evidence by a preponderance thereof that the defendant F. A. Gross, did not know, at the time he signed the instrument or obligation sued on, that the plaintiffs, Levy Bros., were to receive, or had received, a commission from one Barber for procuring the contracts with the defendant, then and in that event your verdict should be for the defendant."

Plaintiffs duly excepted to the giving of said instruction. The jury found in favor of defendant. Plaintiffs, within the time required by law, filed a motion for new trial, which motion was overruled, and judgment entered in accordance with the finding of the jury. From this judgment this appeal is prosecuted.

· *Warren K. Snyder,* for plaintiffs in error.

*J. S. Ross* and *Herbert M. Peck,* for defendant in error.

COLLIER, C. (after stating the facts as above). Charge numbered 5, above quoted, correctly states the law, where, as in this case, it appears that the brokers were charged with duties which required the exercise of their discretion. A real estate agent, who receives a commission from both the lessor and the

lessee of a real estate lease, must prove that such relation was known by both parties, and that they both assented thereto. *Skirvin v. Gardner et al.,* 36 Okla. 613, 129 Pac. 729.

"A broker, acting for both parties in effecting an exchange of property, can recover compensation fron neither, unless his double employment was known and assented to by both." *Walker v. Osgood,* 98 Mass. 348, 93 Am. Dec. 168.

One cannot act as agent for both seller and purchaser, unless both know of the assent to his undertaking, and receive compensation from both. *Holcomb v. Weaver,* 136 Mass. 265; *Byrd v. Hughes,* 84 Ill. 174, 25 Am. Rep. 442; *Atlee v. Fink,* 75 Mo. 100, 42 Am. Rep. 385; *Scribner v. Collar,* 40 Mich. 375, 29 Am. Rep. 541. Plaintiffs herein are real estate brokers, and attempted to serve two masters in one transaction. There is the highest authority for saying "that this cannot be done." Matthew, 6:24.

But defendant did not plead that plaintiffs, unknown to him, were also to be paid a commission by the lessor, or that he assented thereto, and the court committed reversible error in giving said instruction numbered 5.

In *Chambers v. Van Wagner,* 32 Okla. 774, 123 Pac. 1117, this court held:

"An instruction upon a material issue, not raised by the pleadings, when excepted to, is reversible error."

See, also, *American Jobbing Association v. James,* 24 Okla. 460, 103 Pac. 670.

Inasmuch as the giving of charge numbered 5 was reversible error, it is not thought necessary to consider the other assignments of error presented, and hence same will not be considered.

For the error pointed out, this case should be reversed and remanded.

By the Court: It is so ordered.