## HIBBARD v. FORD *et al.*

No. 5870.   Opinion Filed February 15, 1916.

(155 Pac. 510.)

1. **BROKERS—Loan of Money—Agent of Lender.**  One who represents a trust company lending money upon real estate mortgages, with authority to inspect and approve the security offered, does not act as a broker for a borrower who applies to him for a loan from such trust company, but acts as the agent of the proposed lender.

2. **BILLS AND NOTES—Consideration—Notes Given Agent of Loan Company.**  Where F. applied to H., the agent of a trust company, for a loan upon his real estate, executed his note and a mortgage upon the real estate to secure the same to the trust company for the amount of the loan, and at the same time executed to H. notes and a mortgage to secure the same for the commission of H. upon such loan, but because of a defect in the title of F. to the real estate, H. does not approve the loan for the trust company, and F. never receives any money upon the notes so executed by him, the notes executed to H. are without consideration, and he cannot recover upon them.

(Syllabus by Rummons, C.)

*Error from District Court, Cherokee County;*
*John H. Pitchford, Judge.*

Action by Harry Hibbard against John Ford and another.  Judgment for defendants, and plaintiff brings error.  Affirmed.

*W. H. Clark,* for plaintiff in error.

*J. I. Coursey,* for defendants in error.

Opinion by RUMMONS, C.  This action was commenced by the plaintiff in error, hereinafter styled the plaintiff, in the district court of Cherokee county, against the defendants in error, hereinafter styled the defendants, to recover upon two promissory notes, each for the sum of $90, and to foreclose a mortgage upon certain real es-

tate in Cherokee county given by defendants to secure the payment of said notes. The case was tried to the court, resulting in a judgment for the defendants. Plaintiff filed his motion for new trial, which being overruled, he brings this proceeding in error to reverse the judgment of the trial court.

Plaintiff makes several assignments of error, but in the view we take of this case we need only consider the assignment that the court erred in rendering judgment in favor of defendants and against the plaintiff. From a statement of the case in the brief of plaintiff it seems that plaintiff was a member of the firm of Holmes & Hibbard, of Muskogee, engaged in negotiating farm mortgage loans. They represented the Alliance Trust Company, Limited, of Dundee, Scotland. The practice of the firm was, on the receipt of an application for a loan, to inspect the land offered as security, prepare notes and mortgages for execution by the prospective borrower, and have the abstract of title examined by their attorneys. When the security and title were satisfactory to plaintiff's firm, they would pay out their own money on the loan, and then draw a draft on the Kansas City office of the Alliance Trust Company for the amount of the loan, which would in this way be repaid to plaintiff's firm. On December 1, 1909, the defendants executed a mortgage to the Alliance Trust Company, Limited, to secure a loan of $1,800 for a term of ten years, with interest at the rate of 7 per cent. per annum, which they were then negotiating through plaintiff's firm on the land in Cherokee county sought to be foreclosed on in this action. At the same time they executed and delivered to the plaintiff two notes, each for the sum of $90, and a second mortgage upon said lands securing the same, being the notes and mortgage sued on in this action. Thereafter an abstract of the title to the land was procured and exam-

ined by plaintiff's attorney. Upon examination the attorney of plaintiff did not approve the title, and furnished the defendants with a written opinion thereon, stating his objections to the title, and informed them that, when said title was perfected, plaintiff would be ready to proceed with the loan and pay out the money thereon.

At the trial the defendant John Ford testified that he employed an attorney to correct the defects in the title, and that it was necessary to bring suit to clear up the title; that in the year 1912, about two and one-half years after applying for the loan, the defendant went to the office of the plaintiff and informed plaintiff that the title was then cleared up, and that he wished to proceed to procure the loan; that plaintiff then informed him that the roads to the land were bad, and that it was hard to get to, and that he had concluded not to make the loan. The defendant's testimony as to this conversation with plaintiff is corroborated by one witness and is contradicted by plaintiff and another witness. No money was ever paid out upon either of the notes and mortgages, and after the maturity of the two $90 notes plaintiff began this action. The defendants filed an answer and cross-petition, pleading that there was no consideration for the notes sued on, and praying cancellation of the mortgage to the Alliance Trust Company and of the mortgage to plaintiff. Defendants had judgment as prayed in their cross-petition.

It is contended by plaintiff that the notes in controversy were executed by defendants for plaintiff's commission in negotiating the loan of $1,800; that plaintiff had approved the real estate as sufficient security; and the loan would have been made, had not defendants' title appeared to be defective. Plaintiff relies upon the rule of law that where one employs a broker to procure a loan, and the

broker procures a lender ready, willing, and able to make the loan, but because of a defect in the title to the real estate, offered as security therefor, the loan is not consummated, the broker is entitled to recover his commission from the borrower. This rule is amply supported by the authorities cited in the brief of plaintiff, and also seems to be the settled rule of this court. Plaintiff, therefore, contends that he should have had judgment in the court below, because the only obstacle in the way of making the ˋ. loan sought by defendants was the defect in their title to the real estate offered as security, and that plaintiff, upon approval of such real estate as sufficient security, had earned his commission.

We do not think the rule of law sought to be enforced by plaintiff is at all applicable to the facts in this case. In the case at bar the court found that plaintiff was the agent of the proposed lender. This finding of the court is not only supported by the evidence, but by the brief of plaintiff. Plaintiff in his statement of the case says that he represented the lender, and later in the brief, in commenting upon plaintiff's method of handling loans for the Alliance Trust Company, says that it constituted agency of the highest class. This being the case, the plaintiff was not a loan broker in the sense that the term was used in the cases relied upon by plaintiff. In the case at bar plaintiff represented the lender to the fullest extent, and while he received his compensation from the borrower in the form of notes in an amount equal to a certain per cent. of the sum loaned, in the instant case amounting to 1 per cent. per annum for the entire term of the loan, yet the plaintiff was not employed by the borrower, and his sole duty in the premises was owed to the lender. He inspected the land offered as security, and his attorney approved the sufficiency of the title. He advanced the money to the Lo ·

rower and drew upon his principal to be reimbursed, so that in this transaction the relation between plaintiff and defendants was that of lender and borrower; the plaintiff lending to the defendants the sum of $1,800 at the rate of 8 per cent. per annum, or practically at that rate, of which interest the plaintiff was to receive 1 per cent. per annum, or practically that amount, as his compensation, the balance of the interest going to his principal. Nor can it be said that plaintiff was the agent of both the lender and the borrower, and was therefore entitled to be compensated by the borrower. While it is true that in some cases the law recognizes an agency for both the lender and borrower, or the vendor and purchaser, yet in a case such as this, where the lender depends solely upon the judgment and discretion of the agent, it would be against public policy to permit an agent to act for both lender and borrower. *Bell v. Riggs,* 34 Okla. 834, at pages, 840-842, 127 Pac. 427, 41 L. R. A. (N. S.) 1111; *Potrer v. Wold,* 34 Okla. 253, 127 Pac. 432; *Goss v. Sorrell,* 33 Okla. 586, 127 Pac. 435; *Union Central Life Insurance Co. v. Pappan,* 36 Okla. 344, 128 Pac. 716; *Levy v. Gross,* 46 Okla. 626, 149 Pac. 237.

The plaintiff being the agent of the lender in the transaction in controversy, and having lent no money to the defendants upon the notes executed by them, the notes were without consideration, and the judgment of the trial court was right, and should be affirmed.

By the Court: It is so ordered.