**REDWINE v. CUMMINS et al.**

No. 10976—Opinion Filed Feb. 6, 1923.

Rehearing Denied Feb. 17, 1925.

(Syllabus.)

**1. Bills and Notes—Conditional Delivery.**

A promissory note may be delivered by the maker to the payee upon condition.

**2. Same—Want of Consideration as a Defense.**

The want or failure of consideration is a good defense in an action on a promissory note between the original or immediate parties. The reason for the rule is that a promissory note in order to constitute a valid contract must be supported by a valid consideration.

**3. Same—Delivery on Condition.**

Where a promissory note is delivered to an attorney at law pursuant to a contract of employment by the makers, wherein the attorney agrees to render his services to the makers in defending them upon a criminal charge, provided they are indicted by a grand jury, and the makers of the note are never indicted and no services are rendered to the makers of the note in an action by the payee, where the makers of the note plead failure of consideration, held, the plea to be valid.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by W. N. Redwine, plaintiff, against J. W. Cummins and A. A. Cravens, defendants, on a promissory note to recover $500. Judgment for the plaintiff for $50, and plaintiff brings error. Affirmed.

Andrews & Anderson, for plaintiff in error.

W. H. Fuller, Geo. M. Porter, and J. L. Fuller, for defendants in error.

KENNAMER, J. W. N. Redwine instituted this action in the district court of Pittsburg county against J. W. Cummins and A. A. Cravens to recover $500 alleged to be due upon a promissory note executed by the defendants in favor of the plaintiff on August 22, 1917, and for the foreclosure of a mortgage given on the same date to secure the payment of said note. The defense of the defendants in substance was that the note was executed by the defendants in consideration of an agreement on the part of the plaintiff to represent the defendants upon a criminal charge for having resisted the draft act, provided the defendants were indicted by the federal grand jury. That the federal grand jury ignored the charges and the defendants were never indicted, and the plaintiff never performed the services for which the note

was executed. It was alleged in the answer of the defendants that they had agreed to pay the plaintiff $50 for his services in representing the defendants before the United States Commissioner. The plaintiff filed motions to strike certain paragraphs of the defendants' answer, which was by the court overruled. On the 12th day of April, 1919, the cause was tried before a jury and a verdict rendered in favor of the plaintiff for $50, which the defendant admitted they owed the plaintiff.

The plaintiff prosecutes this appeal to reverse the judgment of the trial court and has assigned 29 specifications of error as grounds for reversal. However, the plaintiff under all of the assignments of error only presents one question for our determination. It is the contention of plaintiff that the answer of the defendants pleaded an oral agreement contemporaneously made with the execution of the note and mortgage, which varies and contradicts the terms of the written instrument.

The case of Bank of California v. Starrett (Wash.) 188 Pac. 410, is cited by counsel for the plaintiff, and he states that the case presents his contention in the case at bar. In this case the Supreme Court of Washington announces the rule that under the Negotiable Instruments Act it is generally held that " a contemporaneous parol agreement limiting the liability of an accommodation maker by fixing a collateral source of payment is not available to him as a defense." The court said such an agreement would be violative of the parol evidence rule. The defendant in that case was held to be primarily liable on the note as a maker and by his answer he had attempted to establish a parol agreement by the terms of which he was not to be held liable on the note. It is quite obvious that the defense made there is an entirely different defense from the one interposed by the defendants in the case at bar. In the instant case the defendants do not deny having executed the note and having made the promise to pay $500 according to tenor of the instrument. The defense is that the agreement to pay $500 was in consideration of the plaintiff rendering to the defendants certain services as an attorney, but that the services which they purchased with the note of $500 were never rendered, and therefore, the consideration for the note failed. It is quite plain that such a defense is permissible under the law. The case of Byrd & Co. v. Marietta Fertilizer Co., 127 Ga. 30, cited by counsel for the plaintiff, announces the correct rule of law adversely to the con-

tention of counsel for the plaintiff. The court in the case quoted with approval from the opinion of Judge McCay in Boynton v. Twitty, 53 Ga. 214, as follows:

"Without doubt, you may always, in the case of a promissory note, show by parol what was the true consideration; that is what the maker got, or the payee suffered or lost, or what was the motive that led to the making of the paper, if this motive was not in·law a valid consideration, or has failed, or if the payee, on his part, has violated some undertaking, expressed or implied by law on his part, so that the consideration has failed, or has proved to be no consideration, then the whole facts may be shown by parol. But if the thing proposed to be proven attaches a condition to the note, as that in a certain event it is not to be paid, or is to be paid at a different time from the time stated, or not to be paid in money, etc., then parol evidence is inadmissible."

We know of no rule of law better established than that parol evidence is admissible for the purpose of establishing the consideration for which a note was executed, and that in an action between the payee and the maker such evidence is admissible for the purpose of establishing an agreement between the parties to the note that certain conditions subsequent were to be performed as constituting the consideration for which the maker executed the note. Harris v. Clanton, 46 Okla. 183, 148 Pac. 683; Hibbard v. Ford et al., 55 Okla. 563, 155 Pac. 510; Stockton Savings & Loan Society v. Giddings, 96 Cal. 84, 31 Am. St. Rep. 181; Hughes v. Crooker, 148 N. C. 318, 62 S. E. 429, 128 Am. St. Rep. 606; Faux v. Fitler, 223 Pa. 568, 72 Atl. 891, 132 Am. St. Rep. 742, and notes; vol. 3, R. C. L., pages 683 to 870; Kessler & Company v. Parelius, 107 Minn. 224. 119 N. W. 1069, 131 Am. St. Rep. 459.

Failure of consideration is always a good defense in an action on a promissory note between the original or immediate parties. The reason for the rule is that a promissory note, in order to constitute a valid contract, must be supported by a valid consideration. Zebold v. Hurst, 65 Okla. 243, 166 Pac. 99.

This court in the case of Jesse French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 Pac. 765, in the second paragraph of the syllabus, held:

"Parol evidence to show an entire absence or a partial or total failure of consideration is not within the rule which excludes such evidence to vary or contradict the terms of a written contract. Accordingly, to show partial failure of consideration of a promissory note as a defense, parol evidence of what took place at the time the note was made is admissible."

In the instant case counsel for the plaintiff in the oral argument of the cause conceded that the evidence in the the record was sufficient to sustain the verdict of the jury. We, therefore, concluded, in view of the authorities herein considered, that the judgment must be affirmed. It is so ordered.

JOHNSON, V. C. J., and KANE, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.