STAPLETON v. RATHBUN.

No. 35078. Nov. 18, 1952.

Rehearing Denied Feb. 17, 1953.

*253 P. 2d 164.*

John L. Ward, Jr., and F. J. Lucas, Tulsa, for plaintiff in error.

Geo. W. Reed, Jr., and Geo. P. Striplin, Tulsa, for defendant in error.

PER CURIAM. This is an appeal from the district court of Tulsa county, where the parties appear as they did in the trial court, in sustaining a demurrer to the evidence at the close of her case; and from a judgment of the trial court on defendant's cross-petition, wherein judgment was rendered on a note secured by a mortgage and the mortgage ordered foreclosed to satisfy the debt.

It appears that the plaintiff and defendant are sisters; that for many years prior to 1945, the father of the two parties, C. M. Howrey, owned lots 12 and 13 in Homes Garden addition to the city of Tulsa, and being desirous of making improvements, the plaintiff herein and another sister, in conjunc-

tion with the father and mother, but without the aid or co-operation of the defendant, borrowed $1,500 on this property, for the purpose of improving the same for the convenience of their father and mother. This indebtedness was reduced by plaintiff's payments to $500. The same parties then renewed and increased this loan to $1,500. In renewing and increasing the loan, not only was the property belonging to the father and mother made the basis of security, but the plaintiff included her property in the mortgage, to secure this loan. The plaintiff continued payments on the new loan until it was reduced to about $1,300. In the meantime, the mother had died and the father had taken up residence with the defendant. It appears that the defendant took a deed from the father, without the knowledge or consent of the plaintiff or the other sister, but agreed, in consideration for a deed to the property, to discharge the then outstanding indebtedness, which it appears she did. It is not clear as to how this transaction was handled, but it is certain from the evidence that the defendant acquired title to the property with the definite agreement to pay the debt and release the mortgage. The property covered by the deed which was the primary security was duly released; but the mortgage on the plaintiff's property was not discharged. About two years after the defendant had discharged this indebtedness and released the mortgage on the property for which she received a conveyance, the plaintiff discovered that the mortgage on her property had not been released. It appears that plaintiff was advised that no release had been filed on her property, at a time when she was bound in another trade, by which she was using this property in exchange for other real estate. The plaintiff then requested the defendant to file a release of the mortgage on her property. This she declined to do, unless plaintiff executed to her a note and mortgage on certain other property, in reimbursement of the indebtedness which she had discharged

covering lot 12, to which she had acquired title on condition that she pay the debt. Under the strained circumstances which plaintiff claimed to have been placed, she executed the note and mortgage in question. This action was commenced to cancel such note and mortgage and to quiet title to her property.

We think the trial court was in error in sustaining a demurrer to plaintiff's evidence. There is a general rule that where there is any competent evidence reasonably tending to support plaintiff's theory of the case and such evidence standing alone would sustain a judgment, it is error for the trial court to sustain a demurrer thereto. People's Finance & Thrift Co. v. Ferrier, 191 Okla. 364, 129 P. 2d 1015, and the cases therein cited. The rule is so general that further citation of authority is unnecessary.

It clearly appears from the evidence that the defendant solicited and acquired the property from her father, in consideration of the full discharge of the then outstanding indebtedness against the same, which necessarily included releasing the mortgage on plaintiff's property. It is quite apparent that there was no consideration for the note and mortgage which the plaintiff gave the defendant, in view of the fact that defendant became legally bound to discharge the obligation and release the mortgage. It seems to be a well settled principle of law that, as between the immediate parties, an adequate consideration is indispensable to the existence of a binding obligation. The view we take of the evidence is that the transaction here involved was one wholly without consideration and being such, the defendant should have released the real estate mortgage on plaintiff's property. The well recognized general rule is expressed in 10 C.J.S. 599, §143, to the effect:

"It is well settled that as between the immediate parties to a bill or note, a sufficient and adequate consideration is essential to the existence of a valid

and binding undertaking. In other words, a promise which is purely gratuitous and without consideration is unenforceable, *** although it is in the form of a bill or note."

This court has adhered to the same rule in numerous decisions, among which are Roberts v. Boydston, 186 Okla. 336, 97 P. 2d 898; Harvey v. Thomas, 150 Okla. 106, 300 P. 772; Redwine v. Cummins, 108 Okla. 39, 233 P. 418.

Since there was no consideration for the note and mortgage which the defendant exacted from the plaintiff, she may not now be heard to say or claim that a note and mortgage secured under such circumstances may be enforced.

Mention is made in the briefs that duress or some form of over-reaching must be shown before relief could be granted. With this contention we are unable to agree. The view we take is that the transaction was one wholly without consideration; and that it was the plain, legal duty of the defendant to have released the real estate mortgage on plaintiff's property. **This being** true, she may not now be heard to say or claim that a note and mortgage secured under such circumstances may be enforced. It is elementary that:

"A right cannot arise to anyone out of his own wrong." 30 C.J. S. 94; Harton v. Little, 188 Ala. 640, 65 So. 951.

The evidence does not indicate that this was a renewal note or obligation, neither does it appear that it was necessary to either plead or prove duress or misconduct, in order that the plaintiff might secure relief; but if it were, the refusal of defendant to perform her plain legal duty was sufficient. 21 C.J. 183. These issues, though raised, are not important, since the matter was disposed of under the above-mentioned decisions.

Under the evidence, therefore, it seems clear to us that the trial court was in error in sustaining a demurrer to the evidence. The judgment is re-versed and the cause remanded to the trial court, with directions to grant a new trial and dispose of the case in conformity with the views herein expressed.

This court acknowledges the services of Attorneys Allen G. Nichols, B. F. Davis, and R. S. Roberts, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.