Mrs. A. M. KENNEDY, Plaintiff in Error,

v.

J. A. DECKARD, Defendant in Error.

No. 36243.

Supreme Court of Oklahoma.

Jan. 7, 1955.

Harry W. Worsham, Tulsa, for plaintiff in error.

F. J. Lucas, Tulsa, for defendant in error.

O'NEAL, Justice.

After a trial in a Justice of the Peace Court in Tulsa County, Oklahoma, in which the defendants prevailed, the case was appealed to the Common Pleas Court of Tulsa County, in which defendants again prevailed, and plaintiff appeals.

The question below, and here, is whether the evidence supports the judgment rendered.

The parties will be referred to as in the trial court.

On the 18th day of January, 1951, the defendants, husband and wife, executed a note to plaintiff in the sum of $844, and executed a chattel mortgage to secure its payment.

Plaintiff brought an action to recover the sum of $57.36, alleged to be due and unpaid upon the note, and for the enforcement of its chattel lien. Defendants admitted the execution of the note and mortgage and plead payment in full.

Plaintiff produced evidence tending to establish that defendants, on November 17, 1951, made a payment in the sum of $344, which was credited upon the note, and another payment on October 29, 1951, in the sum of $500, leaving a balance due of $57.36, claimed to be due as interest at the rate of 8%.

Defendants testified as to the payment of $344 and $500 upon the note, and to an additional payment of $112, which covered the interest due on the note and certain premiums of insurance covering the mortgaged property.

Plaintiff, in rebuttal, admitted the receipt of defendants' check in the sum of $112, which she credited defendants upon rent which they owed for the use of a house and parking lot leased to them by plaintiff.

The evidence of defendants discloses that when the defendant, J. A. Deckard, executed the check in the amount of $500 to the plaintiff, Mrs. A. M. Kennedy, he wrote on the face thereof "for payment in full on truck note." Mrs. Kennedy denied that there was such a notation upon the check when received by her or subsequently cashed at a local bank.

Further evidence tends to establish that plaintiff used a typewriter in preparing the note in the amount of $844. Plaintiff testified that prior to defendants signing the note she inserted in pencil "Interest at 8%." Defendants testified that the note did not contain the pencil notation of interest when signed by them. That when they made the last payment by check in the sum of $500, containing the notation of "for payment in full on truck note" that plaintiff advised them that she had misplaced the note and could not deliver it for cancellation, but would mail it to them. The note in question is referred to in the chattel mortgage as a note of $844, but does not refer to interest thereon.

■ We think there is testimony reasonably tending to support the trial court's finding that the defendants paid their debt in full.

■ After the rendition of judgment plaintiff filed a motion for a new trial upon the ground of newly discovered evidence. This evidence consisted of the testimony of a handwriting expert who expressed an opinion that the pencil notation "truck

note" on the check for $112 appears to have been made by two different pencils by the same person. However, he was unable to state that the pencil notation of "truck note" upon the check was made subsequent to the delivery of the check to plaintiff. That the check in the amount of $500, bearing the notation "for payment in full on truck note" appears to have been written upon the note after it cleared the bank, as the ink apparently went through perforations upon the check. The trial judge, after a full hearing of the motion, overruled the same. We are of the view the ruling was correct.

We have heretofore held that when there is testimony tending to support the verdict or the trial court's findings and judgment thereon, that this court will not substitute its judgment for that of the trial court. Straughan v. Cooper, 41 Okl. 515, 139 P. 265.

The judgment is affirmed.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON, ARNOLD and WILLIAMS, JJ., concur.