Rita MILLER, Executrix of the Will of W. R. Miller, Deceased, Plaintiff in Error,

v.

Frank L. DITTMEIER, Jr., and Reserve Oil Company, Defendants in Error.

No. 36773.

Supreme Court of Oklahoma.

Nov. 29, 1955.

766

Marvin T. Johnson, Tulsa, T. L. Blakemore, Sapulpa, for plaintiff in error.

Jack B. Sellers, Drumright, for defendants in error.

PER CURIAM.

This cause is presented to this court on appeal from the District Court of Creek County. Plaintiff and defendants occupy the same relative position here as in the trial court and will be so referred to herein.

This cause was filed in the District Court of Creek County on the 19th day of February, 1954, by W. R. Miller against Frank L. Dittmeier, Jr., and Reserve Oil Company to require defendants to convey a 1/16th override in certain leasehold premises to the plaintiff, W. R. Miller, alleging that on or about the 31st day of October, 1953, the defendant, acting for himself and the other defendants authorized plaintiff to secure two certain oil and gas leases, and as compensation therefor agreed both orally and in writing to assign to plaintiff a 1/16th overriding royalty interest in and to said leases. The defendants, Frank L. Dittmeier, Jr., and Reserve Oil Company filed

their answer in which they admitted the allegations of plaintiff's petition. They pleaded further setting up the allegations that plaintiff became and was the agent of said defendants in obtaining said leases; that upon plaintiff's recommendations they paid a certain specific price in cash bonus per acre and $50 per acre oil payment; that unknown to said defendants, plaintiff also entered into an agreement with D. C. Sellers, one of the lessors, whereby he was to receive compensation from lessors out of the oil payments; and pleaded further by way of cross-petition that by reason of the wrongful acts of plaintiff in acting as agent for both parties said defendants were wrongfully and unlawfully deprived of the oil payment in the sum of $40 per acre and praying judgment for reassignment of such oil payments, computed on the basis of $40 per acre to said defendants and praying further judgment against plaintiff in the sum of $10,000 punitive damages. The plaintiff filed reply and answer to the answer and cross-petition of defendants wherein he set up a general denial to all allegations of defendants and specifically denying that he was agent of either the defendants or the lessors but a mere middleman for the purpose of bringing the parties together, and being a middleman was entitled to collect from both the defendants and the lessors.

With the issues thus joined the cause was tried to the court without the intervention of a jury. At the conclusion of the trial the court found that plaintiff was the agent of the defendants in securing the leaseholds involved in this cause; that while such agent he acted in a manner adverse to the interest of his principals in that without their knowledge and consent he entered into an agreement whereby he was to receive for his services a second compensation from the lessors; that the acts of plaintiff were prejudicial, adverse to and materially affected adversely the rights and interests of the defendants; that he was therefore not entitled to compensation from defendants. The court then rendered judgment for the defendants as against plaintiff quieting defendants' title to the ¼6th overriding royalty part of the ⅞ths work-

ing interest in and to the leasehold estates and further judgment requiring plaintiff to pay all costs of the action, from which judgment the plaintiff, W. R. Miller, instituted this appeal. Since said cause was tried and casemade filed in this court, plaintiff died, and by special order of revivor issued in this court, this cause was revived in the name of Rita Miller, executrix of the will of W. R. Miller, deceased, as plaintiff in error.

In presenting this cause to this court on appeal, counsel for plaintiff presents five assignments of error all of which are presented together in their briefs and for the purpose of this opinion will be grouped under their first assignment of error, that is, "That the judgment is contrary to and in disregard of the law and the evidence."

The law in this state that, where questions of fact are presented to a jury, the jury's verdict will not be disturbed if there is any evidence reasonably tending to support it, is so well settled that the citation of authorities is unnecessary, and it is just as well settled that where a jury is waived and questions of fact are submitted to the court, the court's findings on such questions of fact are conclusive if there is any evidence reasonably tending to support such findings.

In Kennedy v. Deckard, Okl., 278 P.2d 843, 844, this court held: "The sufficiency of the evidence to sustain a judgment in a law action will be determined in the light of the evidence tending to support same, together with every reasonable inference deducible therefrom, rejecting all evidence adduced by the adverse party which conflicts with it."

It therefore follows that the question here presented is: Is there any evidence reasonably tending to support the court's findings?

Defendants' verified answer, upon which this cause went to trial, was sworn to by Frank L. Dittmeier, Jr., and it is there pleaded that plaintiff was employed by defendants as their agent to secure the two leasehold estates involved in this action. In support of these allegations, Frank L. Dittmeier, Jr., and Frank L. Dittmeier, Sr.,

testified that on the 13th of October, 1953, plaintiff came to their office in St. Louis, Missouri, presented his qualifications to them and requested employment from them for the purpose of scouting leases for them; that they informed him that they were interested in obtaining Creek County oil properties, and would pay his expenses and also would give him an overriding royalty interest in any of the leases upon which a deal was made.

The plaintiff by his reply to defendants' answer and cross-petition denied that he was ever employed as the agent of the defendants and that the overriding royalty interest on which this action was predicated was not made until after the deal for the two leases involved in this action was consummated; and such is his testimony. However, defendants introduced in evidence a statement of expenses, dated October 31, 1953, as follows:

"31 October 1953

"Mr. Frank L. Dittmeier
"706 Chestnut Street,
"St. Louis 1, Mo.

"Dear Sir:

"Following instructions issued by Mr. Dittmeier, Jr., I am presenting the following list of expenses which were incurred by me in connection with the locating of certain properties for you:

| "Telephone calls | $12.90 |
| "Gas & Oil | 33.60 |
| | "$46.50 Total |

"Very truly yours
"/s/ W. R. Miller"

■ It is true, as contended by plaintiff and held by authorities cited in his brief, that the burden of proving agency is upon the one who seeks to establish it; however, in Iowa Dairy Separator Co. v. Sanders, 40 Okl. 656, 140 P. 406, this court held: "Where the facts upon the question of agency are controverted, it becomes an issue to be determined by the jury from all the facts and circumstances."

It was also held in that case that circumstances tending to prove agency might be considered.

■ It is contended by counsel for plaintiff that plaintiff was not the agent of either the buyer or seller, but a middleman, and cites numerous authority from both Corpus Juris and American Jurisprudence together with the holdings in jurisdictions other than the State of Oklahoma, in support of this contention; and therefore being a middleman would be entitled to not only recover the commission herein sued for but would be entitled to recover from the seller (the lessors) as well. We find no fault with the law cited by plaintiff, that a person who acts merely as a broker for the purpose of bringing two parties together, a purchaser on the one hand and a seller on the other, and thereafter has nothing whatsoever to do with the transaction, acting in a dual capacity and not prejudicial to the rights and interests of either party, should be permitted to recover a commission from each party if each has agreed to pay him. However, in the case of Levy v. Gross, 46 Okl. 626, 149 P. 237, this court had this to say:

"A broker, acting for both parties in effecting a deal, can recover compensation from neither, unless his double employment was known and assented to by both parties to the transaction."

In the record in this case it is admitted by the plaintiff that defendants had no knowledge of his payment or his proposition of receiving compensation from the lessors of $40 per acre out of the oil payments; yet contends that nothing was agreed upon between him and the lessors as to any compensation from the lessors prior to the consummation of the deal. On the other hand, one of the lessors' testimony, that of D. C. Sellers shows the contrary to be the case; while the exact amount was not agreed on, yet it was agreed between him and plaintiff that he would be taken care of out of the oil royalty payment.

■ There is testimony reasonably tending to support the trial court's findings that an agency between plaintiff and defendant did exist; that plaintiff was attempting to act in a dual capacity as an agent of both the defendants and the lessors, without knowledge and consent or acquiescence of the defendants; that his

acts were prejudicial to the rights and interests of said defendants while in the capacity of agent to them.

Having reached this conclusion, it necessarily follows that the judgment of the trial court must be in all things affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

"The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Reed and approved by Commissioners Crawford and Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court."