## JONES et al. v. AMERICAN INV. CO. et al.

No. 18989. Opinion Filed Feb. 12, 1929.

W. R. Withington and Jesse S. Bonds, for plaintiffs in error.

Russell G. Lowe and Ames, Cochran & Ames, for defendants in error.

TEEHEE, C. In the court below plaintiffs in error, pursuant to section 256, C. O. S. 1921, moved to vacate a judgment rendered against them upon a summons served by publication. The judgment was in recovery on a promissory note for $100 executed by movants and the foreclosure of a real estate mortgage by them given in security thereof. The foreclosure action was by defendant in error as the original payee and mortgagee. Upon hearing, the motion was denied. Our further reference to the parties will be according to their relative trial positions.

Plaintiff's petition alleged that the note

and mortgage were executed on October 8, 1920, and matured on November 1, 1923, and with the usual allegations as to the terms of the mortgage and conditions broken, etc. On December 11, 1924, the action was filed in Pottawatomie county, the situs of the security. It being shown by the return of the summons that defendants were not in the county of venue, plaintiffs filed their affidavit for summons by publication, which was in the regular form and showed that defendants' post-office address was unknown, for which reason compliance with section 252, Id., requiring the mailing of a copy of the petition, could not be had. Such service having been made, judgment by default on March 27, 1925, was taken against defendants, and the property ordered to be sold in satisfaction thereof subject to certain other prior liens. On November 10, 1925, the sale of the property was made to plaintiff for $25, which sale was on November 24, 1925, by the court confirmed.

On December 4, 1926, defendants filed their motion to vacate the default judgment, in which motion they alleged that, at the time of the default proceeding had against them, they were actual residents of the adjoining county of Pontotoc, and had no actual knowledge of the pendency of the suit against them, and otherwise proceeded under section 256, supra, by attachment of a verified answer, the giving of notice to plaintiff, and offering to pay the accrued costs in the case if so required by the court. Upon presentation of the motion with the exhibits thereto attached, plaintiff objected to the introduction of any evidence in support thereof on the ground that the attached answer did not state facts sufficient to constitute a legal defense, which objection was by the court sustained, and the motion denied. This action of the trial court is assigned as error.

Defendants state the proposition as follows:

"Where a litigant against whom judgment has been rendered without other service than by publication in a newspaper moves to vacate said judgment within three years from the date of its rendition, and complies with section 256 of the Compiled Oklahoma Statutes of 1921, it is mandatory upon the court to vacate said judgment."

The requirements of the statute are well stated in Wall v. Snider, 93 Okla. 97, 219 Pac. 671, to wit:

"Under the provision of section 256, Comp. Stat. 1921, the defendant against whom a judgment is rendered without service other than by publication in a newspaper, may at any time within three years have said

judgment reopened and be let in to defend upon complying with the terms of said section, that is, filing a full answer, giving the plaintiff notice of the application, offering to pay the costs if the court so requires, and making it appear to the satisfaction of the court that he had no actual knowledge of the pendency of the suit in time to have made his defense. Where such application is made and when such defendant brings himself within the provision of said section, the trial court has no alternative but to sustain the application and let the defendant in to defend."

The motion in form meets the requirements of the law. The trial court, however, was of the opinion that the answer stated no defense either in law or equity. Brief analysis of the answer tendered, therefore, is required to ascertain if it in substance measured up to the rule. Defendants, admitting the execution and delivery of the instruments sued on, but denying any indebtedness due thereunder, alleged:

"That the consideration recited in the notes and mortgage sued upon was not paid to them, and that they never received from the plaintiff herein, or from anyone else, any money or other thing of value whatsoever, for their signature to the notes and mortgage sued on and referred to in the plaintiff's petition, and said notes and mortgage and each and all of them are without consideration and void, and that plaintiff knew at all times that these answering defendants had received no consideration of any kind for their signature to said notes and mortgage."

They further alleged matter in detail which charges fraudulent misrepresentations on the part of plaintiff's agent in securing the execution of the instruments, and whereby they were defrauded out of their interest in the property consisting of mineral rights they had reserved upon a sale thereof antedating such instruments. Other matters alleged were in the nature of a cross-action and are not here material to a decision of the question involved. As noted from the quoted part of the answer, defendants pleaded a want of consideration, which is a good defense in a case of the character in hand. Redwine v. Cummins, 108 Okla. 39, 233 Pac. 418; First State Bank v. Miller, 118 Okla. 49, 246 Pac. 591.

Plaintiff contends, however, that if, under the language employed by defendants in that relation, the defense of a want of consideration is stated, certain allegations contained in defendants' plea of alleged unfair dealing, in that the instruments were executed for the accommodation of plaintiff, devitalized the former, for which reason the

court's ruling was correct. That contention in effect raises the question of inconsistent defenses. Even so, and this we deem it unnecessary to determine, such defenses are not objectionable unless prohibited by statute. Rosebaugh v. Jacobs, 83 Okla. 211, 201 Pac. 245. It is to be observed that much of plaintiff's argument in support of the court's denial of the motion, in effect, anticipates the character of the evidence available in a trial of the issues raised by the tendered answer. With that phase we cannot deal, since, in the state of the case, we are limited to the ascertainment of whether or not the answer met the requirements of the controlling statute. In our view, defendants have tendered an answer which sufficiently meets the requisites of the law to permit them the right to be heard in defense against the action.

The judgment of the district court is therefore reversed, and the cause remanded, with directions to sustain the motion to vacate, and for such further proceedings not inconsistent with this opinion.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 15 R. C. L. p. 716 et seq. See "Judgments." 34 C. J. §554, p. 342, n. 40.