TISCHER v. ARRINGTON et al.

No. 30811. Feb. 8, 1944.

*146 P. 2d 121.*

ferred to as plaintiff, to quiet title to 160 acres of land in Pottawatomie county.

Plaintiff alleged in his petition that he is the legal owner of the land described and is in actual and peaceable possession thereof; that he acquired title thereto on June 17, 1914. He then alleged that defendants claimed title and estate in said premises adverse to plaintiff, the nature of which is that defendants hold a pretended resale tax deed to said premises purporting to have been issued by the county treasurer on June 10, 1940, of record in the office of the county clerk; that said tax title or claim is void for the reasons that sufficient notice of the delinquent tax sale upon which said deed is based was never given or published as required by law; that no sufficient description of the premises was given in any pretended notice of sale; that said property was advertised, described, and sold by description different from the description in the assessment thereof; that the resale was not held at the office of the county treasurer; that said property was not legally liable for the amount charged thereto, in that certain drainage district assessments against said premises were duplicitous and made for one and the same purpose and obligation.

Plaintiff alleged that the whole amount of taxes, penalties, and interest which he would be legally required to pay to redeem said premises from said tax sale was $103, which amount he tendered to defendants.

Defendant Arrington answered in substance that although he was named as grantee in the resale deed, he was in fact acting as agent for his codefendant Billington; that the purchase price was furnished by Billington, and whatever title to the property the resale deed conveyed is the property of defendant Billington.

LeRoy G. Cooper and William M. Cutlip, both of Shawnee, for plaintiff in error.

Arrington & Miller, of Shawnee, for defendant in error.

RILEY, J. This is an appeal from an order and judgment dismissing an action by plaintiff in error, herein referred

The answer of defendant Billington is to the same effect, and he further alleges that original assessments were duly and legally made against said

premises for the years 1920 to 1923, inclusive; that the assessment for the year 1920 was not paid, and that on or about November, 1921, the county treasurer legally advertised and sold said property for said delinquent taxes, and there being no individual bidder, said property was bid in in the name of Pottawatomie county; that the assessments for the years 1921 to 1923, inclusive, were never paid, and that said taxes and assessments, together with penalties, including the amount for which said property was sold to Pottawatomie county, was $3,584.05; that the county treasurer duly advertised said property for resale and sold the same to defendant for the sum of $1,900, he being the highest and best bidder, and that being the highest sum bid, and that plaintiff has never made tender of the amount of taxes due and unpaid on said property except in the sum of $103.

Other matters are set forth in defendant's answer, but the only issue on which the hearing was had was that of the sufficiency of the amount tendered by plaintiff as being the amount legally due. We deem it unnecessary to state the other defenses pleaded. In this connection the trial court found:

"That this hearing and the evidence introduced at the same was held only for the purpose of determining the question of the necessity of a proper tender. The court for this reason makes no findings as to any other issue raised by the petition of plaintiff except insofar as the same affects the question of tender."

The evidence taken at said hearing shows that the land involved is within Little River drainage district No. 1, Pottawatomie county; that said district was organized and original assessments were made against said land in 1912. The first assessment or installment was due in 1913, but was for interest only. There were ten other installments maturing in 1914 to 1923, inclusive; the plaintiff's land was appraised and assessed in 40-acre tracts or subdivisions, as was then provided by law; the amount of each of the ten original assessments, exclusive of interest, was for the southwest 40, $33.30; the southeast 40, $55.14; the northeast 40, $54.75; and the northwest 40, $49.85. These assessments, down to the installment due in 1919, were paid by plaintiff and his predecessor in title. Plaintiff paid one-half of the installment against the southwest 40 and the southeast 40, which fell due in 1920. The other one-half of said installment was not paid, and all the installments due in 1920 against the two other 40-acre tracts were not paid. At the November, 1921, sale for delinquent taxes, said land was advertised and sold to Pottawatomie county. The total amount of that part of the 1920 assessments remaining unpaid, including interest, was $181.98. None of the 1921, 1922, and 1923 assessments were paid. The total unpaid amount against the four 40-acre tracts for the four years at the respective dates of maturity, including interest to that time, was approximately $1,250.

About August 14, 1925, the board of county commissioners levied an additional assessment against all the land in said drainage district to pay a judgment rendered against said district in the United States District Court on July 6, 1923. The additional assessment was made payable in three annual installments payable in 1925, 1926, and 1927. These additional assessments were all paid by plaintiff without protest.

About September 1, 1933, an additional assessment was levied against the land within said district growing out of certain judgments entered in the district court of Pottawatomie county. The amount charged against plaintiff's land in this additional assessment was about $50, divided into three annual installments, payable in 1933, 1934, and 1935. Said installments were not paid. This is apparently the tax or charge on account of which plaintiff tendered the $103, later raised in open court to $104.20.

Prior to the 1940 resale date, the county treasurer advertised plaintiff's land for resale to be held the second Monday in May, 1940. Therein the own-

er of the land as per last tax roll was named as Max Fisher; the land was described as the S.W.¼ 32-9-5; the years' taxes delinquent and unpaid were stated "1920-23 incl., 1933 to 1935 incl." Date sold to the county was stated as 11-7-21. The total amount of taxes and penalties then due was stated as $3,687.-.05. Plaintiff commenced an action in the district court to enjoin the sale. Temporary restraining order was obtained. It was dissolved and judgment entered denying the injunction on June 8, 1940. Thereupon the county treasurer sold the land at resale to Roscoe C. Arrington for the sum of $1,900, and resale tax deed in regular form was issued the same day. Plaintiff then commenced this action, and defendant objecting to the sufficiency of the tender made by plaintiff, hearing was had, as stated by the trial court, on that issue alone.

The trial court held that the amount of unpaid original assessments, with interest and penalties, as reflected by the record in the county treasurer's office, was $3,582.85, and that the amount due on the three installments of the 1933 assessment was $104.20; that the amount bid and paid by defendant for the land involved was $1,900; that the tender of $104.20 made by plaintiff was not sufficient; that the amount paid by defendant at the resale, together with interest and any subsequent taxes and costs, is the amount of the tender required. The trial court offered to allow plaintiff time to make the proper and legal tender. Plaintiff then in open court waived time to make such tender and announced his refusal to comply with the order and judgment of the court as to the tender of $1,900, plus interest and costs. Thereupon, defendant moved to dismiss this case for the failure of plaintiff to make the proper tender. The motion was sustained and the case was dismissed, and plaintiff appeals.

It is first contended that the trial court erred in finding that there was legally due the sum of $3,685.05.

Plaintiff first assails the validity of the assessment levied under the judgments entered in the district court of Pottawatomie county, but as stated before, this is apparently the amount of taxes on account of which plaintiff made the tender of $104.20. He recognized the validity thereof in the trial court by making such tender.

There is no contention that the original assessments or any part thereof were invalid. There was no evidence under which it may be said that the installments of the original assessment falling due in 1920 were invalidated. That part of the 1920 installment of the original assessment which was not paid and for which the land was sold to the county on November 7, 1921, amounted to approximately $181.59 when it became delinquent. That of itself is more than plaintiff tendered. The penalty thereon at 18% per annum would amount to more than $600. The amount shown by the county treasurer's record was $660.09. Principal and penalty on the unpaid part of the 1920 installment alone as shown by the county treasurer's record was $741.68. Considering only the 1920 installment of the assessment against plaintiff's property, it is clear that his tender was not sufficient and that the trial court did not err.

If the 1921, 1922, and 1923 installments are to be added, the amount of the principal of the four installments is approximately $832; with penalty added, the amount would be more than $2,500.

In Parks et al. v. Lyons, 183 Okla. 529, 83 P. 2d 573, it is held:

"Under sections 12761 and 12763, O. S. 1931 (68 Okla. St. Ann. §§ 453 and 455), a defendant asking affirmative relief against a tax deed must, in his cross-petition or answer attacking the deed, tender all the taxes, interest, penalty, costs and expenses assessed against the land. The tender is required in all cases where the land is liable for taxation, has been assessed and extended upon tax rolls in substantial compliance with the statutes, and the

taxes have not been paid. Under such circumstances, the tender must be made whether the tax deed is void on its face, void for jurisdictional reasons, voidable or valid; and under such circumstances it is the duty of the court to require the payment of the amount due against the land as a condition precedent to entering judgment invalidating the tax deed."

In Schulte et al. v. Herndon, 184 Okla. 77, 84 P. 2d 607, it is held:

"Under section 12761, O. S. 1931 (68 Okla. St. Ann. § 453), a tender in open court of all taxes, penalties, interest and costs, which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale, is made a condition precedent to the presentation of a defense to an action by the tax deed holder for the recovery of possession, though no affirmative relief is sought, where the land is liable for taxation, has been assessed and extended upon the tax rolls in substantial compliance with the statutes, and the taxes have not been paid; and, under such circumstances, the tender is required whether the tax deed be valid, voidable, or void."

Therein, and in Parks v. Lyons, supra, a number of cases are overruled insofar as they conflict with the rule there stated. See, also, Watts et al. v. Meriwether, 184 Okla, 32, 84 P. 2d 643; McLain v. Schuessler et al., 186 Okla. 365, 98 P. 2d 1100. The rule is applicable to resale tax deeds. Deneen et al. v. Gillespie, 180 Okla. 342, 70 P. 2d 1078.

It is not contended that plaintiff's land was not taxable or that the assessments mentioned were paid, and Welch v. Ayres, Chairman of the Board of County Com'rs of Custer County, et al., 190 Okla. 97, 121 P. 2d 576, and Wade v. Crouch et al., 14 Okla. 593, 78 P. 91, are not applicable.

The trial court held that $1,900, the amount paid for the resale tax deed, was the amount plaintiff was required to tender. Plaintiff asserts that this was error. This we think is true. Section 14, art. 31, ch. 66, Session Laws 1939, providing for tax resales, provides for redemption within a certain time by payment of the amount bid by the purchaser. But that provision is made to apply only to the 1939 resale.

Defendants assert that if this was error, it was in favor of plaintiff, and he has no right to complain. We so hold. Plaintiff was not hurt by the order requiring tender of less than the law requires.

Finally, it is contended that the court erred in failing to hold that defendant Billington was estopped to deny the invalidity of the assessments shown on the records of the county treasurer. This contention is based upon the theory that defendant Billington prosecuted an action in the district court of Pottawatomie county in 1938 attacking the validity of the 1923 assessments against three tracts of land owned by him located within the same drainage district. The petition in said action was introduced in evidence and it shows that plaintiff did not attack the validity of the assessment itself, but contended that it had been paid in full. That case was tried and judgment rendered upon a stipulation showing that all the assessments against the land owned by Billington had been paid, and that payment was evidenced by certain receipts specifically numbered and described, dated July 7, 1938, 30 days before Billington's action was commenced. The validity of the original assessment was not in issue in that case.

Furthermore, plaintiff in this action was not a party to said proceedings and had no connection therewith so far as the record in this case shows. The acts of Billington in the matter of cancellation of the assessment against his land in no way affected the rights of plaintiff in this action. In this connection plaintiff cites Johnson v. First National Bank et al., 93 Okla. 194, 220 P. 47. In that case the controversy was between parties to the action in the court; that case

is not controlling. There was no element of estoppel.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. OSBORN and ARNOLD, JJ., absent.