HODGES et al. v. PASCHAL.

No. 31771. May 22, 1945.

Rehearing Denied June 19, 1945.

*159 P. 2d 715.*

E. O. Clark, of Stigler, for individual plaintiffs in error.

Guy A. Curry, County Atty., of Stigler, for plaintiff in error Board of County Commissioners of Haskell County.

C. J. Brown, of Oklahoma City, for defendant in error.

RILEY, J. This is an appeal from a judgment favorable to Walter B. Paschal, who, as plaintiff in the trial court, on September 18, 1941, commenced an action in ejectment for possession of lands in Haskell county and for incidental relief. To establish his claim, plaintiff set forth acquisition of his title by warranty deed dated September 15, 1941, from M. M. Cleary. Plaintiff pleaded that defendants R. N. King et al. withheld possession of the land and that the lands were rented to defendant King by M. B. Parks, agent for plaintiff Paschal, for the years 1937 to 1940, inclusive, and that said rents for the year 1940 had not been paid. Plaintiff further alleged that defendant King's claim of right in title and possession rested upon a commissioners' deed which was predicated upon an original and resale tax deed issued to Haskell county, but that said deeds were void.

It is significant that plaintiff not only failed to allege that he was the owner of the land when for the years enumerated defendant King acquired possession as a tenant, but also that plaintiff affirmatively limited duration of his title to three days before commencement of the action and extended the chain of his record title only to a third person, the same not being derived from the government nor from a common source from which the litigants claimed.

Defendants' motion to make the petition more definite and certain so as to (1) deraign the title of plaintiff, and (2) state by whom the lands were rented to defendant King for the years 1937 to 1940, inclusive, as alleged, was sustained, and the plaintiff was given 20 days to amend the petition, but no amendment was ever made. Thereafter defendants' demurrer to plaintiff's petition was overruled, and after reply, in the nature of a general denial, the cause proceeded to trial. The evidence disclosed that defendant King's original occupancy of the land arose under a tenancy contract executed by M. B. Parks as agent for the American Investment Company, subject to approval and approved by it. Walter B. Paschal was president of the American Investment Company.

There is no evidence to establish the identity of M. M. Cleary, from whom plaintiff deraigned his title, nor to show that Cleary ever possessed the lands in controversy. The plaintiff did not es-

tablish his claim through a regular chain of title from the government. The demurrer should have been sustained.

In an ejectment action, it is necessary to allege and prove: (1) Title in plaintiff; (2) plaintiff's present right of possession; (3) wrongful possession of defendant. If plaintiff relies upon a record title, he must show a regular chain of title from the government or from some grantor in possession, or from a common source from which both litigants claim. Gentry et al. v. McCurry et al., 134 Okla. 182, 273 P. 222.

The plaintiff must prevail upon the strength of his own title and not upon the weakness or want of title in defendant. A general denial in an ejectment action traverses all material allegations in plaintiff's petition except that of possession by the defendant. Under the general denial, all defenses, legal and equitable, may be proved. Boepple v. Estill, 174 Okla. 106, 50 P. 2d 182; 12 O.S. 1941 § 1142.

Reversed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, and ARNOLD, JJ., concur.