OTTO v. JONES.

No. 31732. May 22, 1945.

*158 P. 2d 899.*

Twyford Smith & Crowe, of Oklahoma City, for plaintiff in error.

Earl Q. Gray and J. M. Poindexter, both of Ardmore, for defendant in error.

RILEY, J. Plaintiff in error appeals from an order of the district court of Carter county, entered August 24, 1943, denying plaintiff in error's petition filed July 9, 1943, to vacate the judgment rendered September 4, 1940, after default on service by publication.

The judgment sought to be vacated quieted title of L. F. Jones, defendant in error, to lands in Carter county. In that action L. F. Jones, as plaintiff, deraigned title by a commissioners' deed issued August 16, 1939, and under which Carter county conveyed to the defendant in error whatever title it had acquired to the lands by resale tax deed.

Title 12, O.S. 1941 § 176 prescribes, as a condition precedent to vacating such a judgment, that movant "shall file a full answer to the petition." In the petition filed by plaintiff in error, defendant in the action the judgment of which is sought to be vacated, "a good defense" is alleged by use of words embodied in the term, but by the answer filed in connection with the petition, plaintiff in error, defendant in that cause of action, sought to defeat both the commissioners' deed, under which defendant in error's title was quieted, and the resale tax deed by which Carter county acquired title to the lands in controversy.

Plaintiff in error, in the answer so filed, tendered "to the plaintiff the sum paid by him for the county commissioners' deed together with interest, penalties, and costs." Plaintiff in error, by her answer so filed, sought specific, affirmative relief to the extent that title to said property be quieted "in this defendant." Specific affirmative relief sought was by plaintiff in error as defendant in that action. Ordinarily, in such actions, the plaintiff must recover on the strength of his own title. Title 12, O.S.A. § 1142. Simmons v. Jacobs, 113 Okla. 278, 241 P. 768. But the full answer so filed by plaintiff in error enlarged upon "a full answer to the petition" upon which the judgment was predicated. Jones v. American Inv. Co., 135 Okla. 112, 274 P. 673. The scope of the answer filed amounted to an aggressive action on the part of plaintiff in error to recover the land, defeat the deed, defeat the resale tax deed, the commissioners' deed issued thereafter, and quiet title to the land in the movant. If such were the purpose of plaintiff in error, the petitioner, then by virtue of 68 O.S. 1941 § 455, a condition precedent to a judgment in her favor is that "all taxes, interest, and penalties and costs and expenses shall be paid or tendered . . . "

Plaintiff in error failed, in the answer, to tender such taxes, interest, penalties, and costs, or to allege or show payment thereof to the county. The sum of $896.06 was admittedly the amount for which the property had been stricken off to the chairman of the board of county commissioners on April 25, 1939, and for which the resale tax deed to Carter county was issued and delivered (C.M. 10). Plaintiff in error, as defendant, tendered only such sum as the court might adjudge to be due in the way of taxes, penalties, and costs paid by the plaintiff (C.M. 34). The tender, so far as it extended, was good but it did not satisfy the requirements of the statute. In Schuman v. Board of County Com'rs, 163 Okla. 118, 21 P. 2d 40, relied upon by plaintiff in error, it was held that:

"There is no provision of law for a refund to the purchaser of a resale **tax**

deed of the amount of the original purchase money"

—but therein the recovery sought was as against the county. A tender of taxes was not there involved. Statutory authority for refund by the county to the purchaser of a tax title, evidenced by the original deed or a certificate deed, was held in that decision to be limited to instances of purported sales of lands or lots "on which no tax was due at the time." It was held further that refund from the county to purchasers of resale tax deeds would be wrongful as well as unauthorized because the consideration paid and evidenced by resale tax deeds might be more or less than taxes due or delinquent against the property, and in the event of the same being more, the excess in payment would be required to be held for the prior owner of the land or lot. Consequently, it was not within the intent or purpose of the statute providing refund, to pay out that which the county might not have or hold; so that, in the absence of statutory authority for such a refund as to void resale tax deeds, the rule of caveat emptor applies. Levy Bros. v. Board of County Com'rs, 101 Okla. 241, 225 P. 387.

Thereafter, by Title 68, S.L. 1941, p. 335, ch. 11, provision was made for reimbursement to purchasers at resale and at commissioners' sales of lots and land whose title failed in the absence of taxes due against the land or lot. In Tischer v. Arrington, 193 Okla. 584, 146 P. 2d 121, this court, in an action to quiet title to lands, adverse to a pretended resale tax deed, applied the provisions of 68 O.S. 1941 §§ 453-455, requiring tender of all taxes, etc., which plaintiff would be bound to pay but for the resale tax deed sought to be avoided. Such was the rule in Parks et al. v. Lyons, 183 Okla. 529, 83 P. 2d 573. As applied to a defendant seeking affirmative relief the rule is applicable, and it is applicable to an action involving a resale tax deed. Deneen v. Gillispie, 180 Okla. 342, 70 P. 2d 1078. So, also, is the rule applicable to a defendant in an action in ejectment and to quiet title based on the commissioners' deed, Crewson v. Spencer, 192 Okla. 582, 141 P. 2d 274.

Plaintiff in error contends that the trial court was without authority to question the verity of the affidavit made a part of the petition to vacate and relating to actual notice of the pendency of the action in which the judgment now sought to be vacated was rendered. 12 O.S. 1941 § 176. However, as we view it, the failure of plaintiff in error; defendant in that action, to make a proper tender or to show payment of the taxes, penalties, interest, and costs to the county, that would otherwise be due as against the land in the absence of the resale tax deed sought to be avoided, is decisive of the appeal.

Affirmed.

HURST, V.C.J., and WELCH, CORN, and DAVISON, JJ., concur. GIBSON, C.J., and OSBORN and ARNOLD, JJ., dissent.