KASNER et al. v. ROUTLEDGE et al.

No. 33026. Dec. 2, 1947.

Rehearing Denied Jan. 6, 1948.

*188 P. 2d 227.*

Arnold T. Fleig, of Oklahoma City, for plaintiffs in error.

Robinson, Shipp & Robertson, of Oklahoma City, for defendants in error.

CORN, J. January 23, 1945, plaintiffs filed an action in the district court to quiet title to numerous properties acquired at the 1942 tax resale in Oklahoma county, involving the vacant city lot herein involved. By leave of the court plaintiffs filed and docketed their amended petition in this case, alleging they held title and possession of lot three (3), block eleven (11), Guernsey Park addition, Oklahoma City, Oklahoma, by virtue of a resale tax deed issued in 1942 to Edith Wolfson, who conveyed by quitclaim deed to M. Kasner.

Defendant A. L. Routledge alleged she acquired the property by a resale tax deed dated May 19, 1939, issued to Thompson, and by a quitclaim deed from Thompson to her, dated November 15, 1939. By cross-petition defendant alleged she had been at all times in open and exclusive possession of the property, and that the resale deed under which plaintiffs claimed was void because an illegal levy of taxes was included in the taxes canceled by such deed. The record reflects the 1942 resale was void.

Plaintiffs' reply to the cross-petition asserted the invalidity of the resale deed issued to Thompson because an illegal tax levy was included in the advertised taxes, and because of the bar of the statute of limitations.

May 9, 1939, Thompson purchased the property at the resale, although the resale deed issued to him was dated June 3, 1939. On May 22, 1939, one Abbotte, the record owner at the time of resale, conveyed the property to A. L. Routledge by quitclaim deed. On November 4, 1939, Thompson conveyed this property to A. L. Routledge by quitclaim deed.

The trial court rendered judgment for defendant and cross-petitioner A. L. Routledge, and quieted her title as against plaintiffs, subject only to payment to plaintiff of $18.75, the purchase price paid by them at the 1942 resale, plus $20.70, the taxes paid by plaintiffs subsequent to the resale. The trial court further found defendant had tendered and paid into court an amount

($89.48) sufficient to pay the above amounts to plaintiff and also to pay ad valorem taxes for 1938, 1939, 1940, and 1941, and special assessments due for 1937, 1938, and 1939.

In seeking reversal of the trial court's judgment plaintiffs contend the court erred in not rendering judgment for plaintiffs by reason of defendants' failure to tender the full amount of taxes, penalties, interest and costs existing against the property. Their argument is that the 1939 resale tax deed issued to Thompson was void because that resale included certain illegal levies. Thus plaintiffs urge that the taxes for which the sale was made are still delinquent and constitute a lien upon the property, and defendants were required to tender all the taxes for which the property was sold at the 1939 resale, as well as the taxes for which the property sold at 1942 resale.

While admitting that the 1942 resale deed under which they claimed title was void, plaintiffs insist that the 1939 deed under which defendants held was also void, and that the trial court therefore erred in rendering judgment for defendants.

It is a fundamental rule in this jurisdiction that in an action to quiet title the plaintiff's right to recover depends upon the strength of his own title and not upon the weakness of his adversary's. Otto v. Jones, 195 Okla. 446, 159 P. 2d 899; Gilchrist v. Sutton, 191 Okla. 117, 127 P. 2d 163, and cases cited therein; Moore v. Barker, 186 Okla. 312, 97 P. 2d 776.

We are of the opinion and hold that when it was shown that the 1942 resale deed under which plaintiffs claimed title was void, the trial court properly rendered judgment for defendant and cross-petitioner quieting her title to the property involved.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, GIBSON, and LUTTRELL, JJ., concur.