PRICE v. ROGERS et al.

No. 32952. July 12, 1949.
Rehearing Denied Sept. 13, 1949.

*209 P. 2d 683.*

Spillers, Spillers & Voorhees, of Tulsa, for plaintiff in error.

H. L. Smith and Hudson, Hudson & Wheaton, all of Tulsa, for defendants in error.

ARNOLD, V. C. J. Lete Kolvin, a Creek Indian woman, died testate several years before the transactions referred to in this case. Isaiah Wallace was appointed executor of her estate. He commenced an action in the district court of Creek county, to recover certain land alleged to be the allotment of Lete Kolvin and sought to recover in addition payment for oil and gas that had theretofore been taken from the property. Wallace was represented by a lawyer named Franklin.

On September 30, 1932, litigants known as the Izora Lee group employed Spencer Adams, E. O. Patterson, and Charles B. Rogers, defendant here, to intervene for them in this litigation. The contract provided that 50 per cent of all monies or other interests recovered by said group should be paid to said attorneys. Pursuant to the terms of this contract a petition of intervention was filed on behalf of the Izora Lee group in district court of Creek county.

Thereafter Adams, Patterson, and Rogers entered into a contract among themselves as to the division of the fee provided by the contract of employment. By the terms of this division agreement Chas. B. Rogers was to receive a two-third interest in the fee provided and Spencer Adams was to receive one-third.

In 1935 a contract was entered into by Adams and intervener Price which provided that Adams should assign, and did assign, to Price the sum of $15,000 out of the fee Adams was to receive

from the above contracts, in payment of services performed and to be performed by Price. This contract was never altered or modified. Pertinent to the issues here that contract provided:

"That, whereas, the said party of the second part, G. T. Price, has performed certain valuable services for and on behalf of the Izora Alexander Lee group of interveners in a certain legal action now pending in the District Court of Creek County, State of Oklahoma, entitled James Isaiah Wallace, executor of the estate of Lete Kolvin, et al., vs. Nancy Barnett, et al., as well as said services having been rendered and are still being rendered on behalf of party of the first part and all other parties in privity with the Izora Alexander Lee group of said interveners in said action aforesaid herein, . . ."

Upon the death of Spencer Adams, it was contended by defendant Rogers that the contract of employment entered into between Rogers, Patterson, and Adams and the Izora Lee group was terminated. Patterson assigned his interest in the contract to Rogers and Rogers then entered into a new contract with said group to carry on the litigation.

Before the trial of the Lete Kolvin case in the district court of Creek county wherein a judgment of approximately $7,000,000 was procured in favor of the Izora Lee group of heirs, intervener Price performed certain services under his contract with Spencer Adams. Sometime thereafter defendant Rogers came into possession of a large sum of money paid by the principal defendant in the Lete Kolvin case in satisfaction of the judgment.

Soon after Rogers came into possession of said money in satisfaction of that judgment, O. C. Lassiter, administrator of the estate of Spencer Adams, commenced an action in the district court of Tulsa county against Rogers and Patterson to recover the Spencer Adams portion of the fees according to the terms of the original contract of division thereof between Rogers, Pat-

terson and Adams. That action was cause No. 71658.

Before the trial of this cause of action Price filed an action to intervene and in his application alleged:

"Comes now G. T. Price and shows to the court that he is the owner and is entitled to have paid to him all of the sums of money claimed by the plaintiff in this action. That he succeeded to all rights of Spencer Adams, plaintiff's decedent, upon the death of Spencer Adams under the contract sued on and he has performed his part thereof and defendants and all parties interested have accepted the benefits of said performances.

"That in addition thereto Spencer Adams did in his lifetime assign to your petitioner in his own right, fifteen thousand ($15,000.00) dollars of the fund sought by the plaintiff in this action, all of which appears from the petition of intervention hereto attached and made a part hereof."

Before his application was filed, but after the cause of action was commenced, Price received from Rogers upon his demand therefor $2,500. Price was granted leave to intervene and set forth in his petition of intervention his assignment by Spencer Adams and alleged that he had advanced to Spencer Adams $900; that after the death of Spencer Adams he performed all the acts required of Spencer Adams; that Rogers accepted his services with the understanding that he was to succeed to all the rights of Adams in the division of fee contract; that Rogers had refused to pay under the terms thereof and in accordance with the Adams assignment to him and prayed for an accounting and judgment for $15,000 less the payment thereon of $2,500.

Since the petition in intervention filed by Price involved a separate issue as between Price and Rogers, the court separately docketed the controversy between these two parties and gave it a separate number, 71658-A.

The Lassiter case was tried and a judgment entered in favor of the Ad-

ams estate for $16,750. The only controversy adjudged in that case was the one between Lassiter, administrator, and Rogers. The issues raised by the various petitions in intervention were not disposed of in the trial of the case between Lassiter and Rogers. We affirmed that judgment on appeal. 196 Okla. 228, 164 P. 2d 632. Rogers paid the amount of the judgment to the clerk of the district court of Tulsa county. Thereafter the claims of the interveners in the administrator's suit were heard and judgment was entered for the intervener Price for $5,900.

After the trial of the administrator's suit against Rogers, Price filed his second petition in intervention and alleged therein that he had entered into an oral contract with Rogers on or about the first of January, 1939, which provided that in consideration of services to be performed by Price, Rogers agreed to pay him one-third of the net fee to be collected by Rogers in the Lete Kolvin case. He also alleged therein performance of his duties under the contract, collection of a large sum of money in settlement of the judgment by Rogers and refusal of Rogers to pay him the money due him under the oral agreement which he stated was in the amount of $90,833. He also sought judgment for the same amount on quantum meruit alleging that the reasonable value of his services was that sum.

Price in his application to file his first petition in intervention, and in said first petition, alleged:

"3. Intervener further alleges and states that upon the death of Spencer Adams he assumed to and did perform all the acts and things which were supposed to have been performed by Spencer Adams, had he lived. That he spent a greater portion of his time and advanced various sums of money from the date of the death of Adams to January, 1943, the exact amount being to intervener unknown, but is known to the defendant Rogers, whose duty it was to keep account of said advancements, pursuant to the terms of the oral agreement between intervener and the defendant Rogers, immediately following the death of said Spencer Adams. That the advancements of money aggregated not less than $1660.00.

"4. That all advancements of money and personal services were performed by this intervener pursuant to the terms of an oral agreement with defendant Rogers at his instance and request, with the understanding that intervener would succeed to all the rights and benefits of Spencer Adams, deceased. That all money advanced and services rendered were accepted by the defendant Rogers and his clients with the foregoing understanding, and all services required to be performed by this intervener were performed and all money requested of him to be paid or advanced was so paid and advanced to the defendant Rogers.

"5. That by reason of the services performed by this intervener and the monies advanced by him as aforesaid, in addition to the contract hereto attached, and marked 'Exhibit A,' this intervener did succeed to all the rights of Spencer Adams in the subject of this action and the plaintiff has no interest therein. . . .

"8. That said defendant Rogers has refused to pay this intervener the money due him, except the sum of Twenty-five Hundred ($2500.00) Dollars. . . ."

The trial of the present suit resulted in a verdict in favor of defendant Rogers. Price testified to the state of facts alleged in his second amended petition in intervention. Rogers testified that he never entered into any such oral contract with Price. Apparently for the purpose of showing that Price had sought to recover for his services in the Kolvin case by reason of performance of the contract he had with Spencer Adams, Rogers offered the petition in intervention first filed by Price in his cross-examination of Price. He also interrogated him with reference to certain transactions with third parties.

The claims made by Price in his first petition in intervention and his amended petition in intervention were so inconsistent with and so varied from his claims and demands in his second

amended petition in intervention, on which this case was tried, as to make them admissible for impeachment purposes. They might also be considered as tantamount to admissions against interest. They certainly have some bearing on the question of whether an oral contract was entered into between the parties fixing duties and compensation for services to be thereafter rendered. The same thing is true of cross-examination of Price relative to his transactions with Spencer Adams during his lifetime. See American Jurisprudence, vol. 20, sec. 245 et seq.; Mason v. Blaireau, 2 L. Ed. 266, 274; 31 C. J. S. §160, p. 869; Wigmore on Evidence (3d Ed.) §29, p. 411; Wigmore on Evidence (3d Ed.) §1023, p. 700; Wigmore on Evidence (3d Ed.) §1064,, p. 45; Wigmore on Evidence (3d Ed.) §916, p. 431.

Plaintiff also contends that the court committed reversible error in refusing to allow in evidence the answer of defendant to the petition of the administrator based on the contract between defendant and Spencer Adams. There is nothing in this answer inconsistent with the position taken by Rogers here. Here he says he had no agreement with Price but that Price did what he did in the Lete Kolvin case after the death of Spencer Adams in pursuance of his agreement with Adams. His answer in the administrator's suit denied liability on the grounds that the death of Adams abrogated the contract between Rogers and Adams and that the contract was for this reason void because made by an attorney (Rogers) with a layman requiring personal legal services; that such a contract was for this reason void as being against public policy. The answer of Rogers in the administrator's suit not having any reasonable connection with or bearing upon the case here, was properly refused. The question injected by counsel for Price of whether Adams and Rogers were on friendly terms had no bearing on whether Rogers hired Price to work for him after the death of Adams and the proffered testimony on the

point was properly refused. See Keahey v. Craig, 186 Okla. 162, 96 P. 2d 521; Drakos v. Jones, 189 Okla. 593, 118 P. 2d 388; 31 C.J.S. §159, p. 866.

Plaintiff under his proposition 3 argues that:

"The trial court committed prejudicial and reversible error by giving additional oral instruction to the jury after the jury had retired, without notice to or in the presence of attorneys for the intervener, Price."

In support of this proposition he contends that the court in giving the so-called additional instructions violated the alleged mandatory provisions of 12 O. S. 1941 §582, which reads as follows:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court, where the information on the point of law shall be given in writing, and the court may give its recollections as to the testimony on the point in dispute, or cause the same to be read by the stenographer in the presence of, or after notice to, the parties or their counsel."

Under this proposition, he argues that this section of the statutes is mandatory and absolutely requires that no instruction shall be given except in the presence of counsel for the complaining party or after reasonable notice to them. He says that an additional instruction given in violation of the notice provision of this section of the statutes is reversible error whether prejudicial or not. On the point, the pertinent facts are: The jury returned to the courtroom for further instruction about instructions 5 and 7, and in the presence of intervener and defendant and one of the lawyers of defendant and by way of further explanation on the points of law covered by instructions 5 and 7, the court told the jury that instruction 7 was as clear as it

could make it and the judge did not amplify or explain the same. After re-reading instruction No. 5, which was as follows:

"If you find from a preponderance of the evidence that the intervener Price and defendant Rogers did not enter into an express oral agreement or contract, as alleged by the intervener Price in his first cause of action, then you should determine whether or not the defendant Rogers requested the intervener Price to perform certain services and to do certain work for him in the preparation, financing and trial of the Lete Kolvin case and whether or not, if you find that the defendant Rogers did so request such services and labor to be done by Price, Price did so and perform services and work in such case at the instigation, request and direction of Rogers, and· if you so find that Rogers made such request and Price made compliance therewith, then the intervener Price would be entitled to recover from the defendant Rogers a reasonable value of such services and work performed and rendered for Rogers and your verdict should be, in that event, for Price as against the defendant Rogers for such sum of money as you may determine to be the reasonable value of such services and work performed, under all the facts, evidence and circumstances as brought to you by the witnesses in this case"

— the court gave the following additional and explanatory instruction:

"No. 5-A

"You are further instructed that as set out in the above instruction No. 5, if you find the issues for the intervener in this case upon the intervener's first cause of action, you cannot further return a verdict for the intervener upon his second cause of action; and if you find that the intervener has not sustained his first cause of action by a preponderance of the evidence, as defined to you in these instructions, but further find that the intervener, by a preponderance of the evidence, has sustained the allegations of his second cause of action, you may return a verdict for the intervener as against the defendant on the second cause of action alone, in accordance with the other instructions herein given to you.

"And you are further instructed that if you find from the evidence that the intervener has not met the burden of proof by a preponderance of the evidence, as defined to you in these instructions, upon his first cause of action and has not met the burden of proof by a preponderance of the evidence as defined to you by these instructions upon his second cause of action either, then your verdict in this case should be for the defendant."

If the explanation or amplification of the instruction had any effect, it must have been favorable to intervener. Certainly no prejudice to him flowed from it. The intervener being present, the mandatory provision of section 582, supra, was not violated. Although the action of the court may be considered to have been irregular, the lawyer of the defendant not having been notified and also given the opportunity to be present with his client at the time the additional and favorable instruction was given, the judgment should not be set aside because the action of the court in this respect was harmless. See 22 O. S. 1941 §1068; Lookabaugh v. Bowmaker, 21 Okla. 489, 96 P. 651; Smittle v. Yadon Inv. Co., 154 Okla. 37, 6 P. 2d 818; Potter v. Bond, 98 Okla. 135, 224 P. 537; Smith v. Pulaski Oil Co., 88 Okla. 47, 211 P. 1047; Foreman v. Henry, 87 Okla. 272, 210 P. 1026; Creek Coal Mining Co. v. Paprotta, 73 Okla. 119, 175 P. 235; Chicago, R. I. & P. Ry. Co. v. Johnson, 25 Okla. 760, 107 P. 662; Tischer v. Arrington, 193 Okla. 584, 146 P. 2d 121; 39 Am. Jur. §69, p. 84; 12 O. S. 1941 §78; Grooms v. Johnson, 192 Okla. 527, 138 P. 2d 98; Wilson v. Holmes, 185 Okla. 239, 91 P. 2d 85; and Mannford State Bank v. Arnold, 105 Okla. 131, 221 P. 76.

Affirmed.

DAVISON, C. J., and CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.