Carl ALLGOOD et al., Plaintiffs in Error,
v.
Earl WETSEL et al., Defendants in Error.
No. 35839.

Supreme Court of Oklahoma.
Sept. 21, 1954.
Rehearing Denied Oct. 26, 1954.

Arnold T. Fleig, Oklahoma City, for plaintiff in error, Carl Allgood.

Homer Windle, Mangum, for plaintiffs in error, W. R. Barnett and another.

Yonne Pendleton McDaniel, Mangum, for defendants in error, Earl Wetsel and another.

WILLIAMS, Justice.

Plaintiff, Earl Wetsel, brought this action against Carl Allgood and others to recover possession of Lots 1 and 2, Block 34, City of Mangum, Oklahoma, and to quiet title thereto.

The property in question was sold at the 1934 tax resale to one Hardin. Plaintiff asserts title to said property as the remote grantee of said 1934 tax resale purchaser. Plaintiff not only introduced the 1934 tax resale deed in evidence, but also introduced the 1934 resale notice and the notice of the original 1931 tax sale upon which the 1934 resale was based.

The 1934 resale notice recites delinquent ad valorem taxes against the N/2 of Lot 1, Block 34, then delinquent paving assessments against said N/2 of Lot 1, Block 34, then lists the same property again in the same manner, but with different amounts of ad valorem taxes and paving assessments being stated. The balance of Lot 1, Block 34, is not listed in the notice at all. The notice then lists Lot 2 Block 34 three times, once for ad valorem taxes and twice for delinquent paving assessments but with different amounts being shown in each case for the same years.

The 1934 resale deed executed by the County Treasurer purported to convey all of Lots 1 and 2 above described, but contained a clause expressly excepting all special improvement taxes from the taxes, penalties, etc., cancelled by the issuance of the deed.

Neither the 1934 resale purchaser nor his successors in interest ever paid any taxes on the property, nor did they take possession of it until in 1939 when plaintiff took possession of the property, fenced it, and started renting the same for $6.00 per month.

In 1939 the property in question was again sold at resale to one Lynn Norman, but redemption was made pursuant to the 1939 special redemption statute.

In 1941 the property was sold at resale for the third time and purchased by C. & S. Farm Equipment Company, which by mesne conveyances deeded to defendant, Carl Allgood. When the property was sold at 1941 resale, plaintiff removed the fence from the premises and surrendered possession thereof to the 1941 resale purchaser. Defendant and his predecessors in title have been in possession of said property ever since the 1941 resale and have erected valuable improvements thereon.

On April 17, 1950, plaintiff brought this action seeking to regain possession of the property and quiet his title thereto, alleging that the 1941 resale was void because the last quarter of the 1940 ad valorem taxes were included in the notice of resale at the time when the same was not delinquent.

The trial court found that the 1934 resale deed was regular and valid, conveyed a fee simple title to the grantee thereof and cancelled all ad valorem taxes against the property for the years 1922 to 1930 inclusive. The court found that the property involved was not correctly described in the 1934 resale notice in so far as the paving assessments were concerned and that the resale did not cancel any of the paving assessments. The court then concluded that the 1941 resale deed was void and rendered judgment for plaintiff for possession of the property and quieting his title thereto.

Defendant appeals, urging, among other things, that plaintiff failed to prove the allegations of his petition with respect to title and cannot recover on the weakness of defendant's title. We are of the opinion that this proposition is well taken.

■ Plaintiff specifically pleaded the validity of the 1934 resale and his title based thereon. Plaintiff then undertook to sustain the burden of proving such allegations by introducing the notice of resale and the resale deed in evidence. The notice of resale demonstrated conclusively the invalidity of the 1934 resale deed. Part of the land was not described at all in the notice and part of it was described more than once but with different respective amounts of taxes being shown. Furthermore, the correct amount of delinquent taxes against the property for each year in question was stipulated at the trial and the amount of delinquent taxes shown in the notice does not correspond with the correct amount for any of such years. For several of the years in question the amount shown in the notice is greater than the amount of taxes actually due.

It is therefore apparent that under the rules laid down in Terwilleger v. Bridges, 192 Okl. 642, 138 P.2d 79 and Lind v. McKinley, 196 Okl. 4, 161 P.2d 1016, the 1934 resale notice was fatally defective and did not authorize the County Treasurer to sell the property and the purported sale and the resale deed based thereon are void.

■ It is equally apparent that the 1941 resale deed under which defendant claims

is also void, since it was shown that the notice of the 1941 resale included the last quarter of the 1940 ad valorem taxes, which quarter was not delinquent at the time of the first publication of the notice. Wester-heide v. Wilcox, 190 Okl. 382, 124 P.2d 409; House v. Mainka, 196 Okl. 174, 163 P.2d 225.

We therefore are presented with a situation where both parties to the action are claiming title to the property on the basis of void resale deeds. Defendant, however, is in possession of the property and the action was brought by plaintiff seeking possession and to quiet title. It is a fundamental rule in this jurisdiction that plaintiff's right to recover depends on the strength of his own title and not upon the weakness of his adversary's. Kasner v. Routledge, 199 Okl. 550, 188 P.2d 227; Otto v. Jones, 195 Okl. 446, 158 P.2d 899.

We are of the opinion and hold that since the 1934 resale deed under which plaintiff claimed title and possession was void, judgment should properly have been rendered for defendant. Kasner v. Routledge, supra.

The trial court's finding that the 1934 resale deed was regular and valid was apparently based on the further finding that there was no contention in the pleadings to the contrary. The record reveals, however, that plaintiff specifically pleaded the validity of the 1934 resale and his title based thereon. Defendant answered by general denial, and other allegations not material here, which traversed all material allegations in plaintiff's petition except that of possession by defendant. Hodges v. Paschal, 195 Okl. 560, 159 P.2d 715. Plaintiff's own evidence demonstrated the invalidity of plaintiff's alleged title and defendant demurred to the evidence. Defendant also moved to dismiss plaintiff's petition at the close of all the evidence for the reason that the evidence was insufficient to sustain a judgment for plaintiff and excepted to the court's finding as to the validity of the 1934 resale deed. The question of the validity of the 1934 resale deed under which plaintiff claimed was therefore properly in issue

at all times and the court's finding thereon was clearly erroneous.

Defendant urges other propositions of error which appear to have some merit, but in view of our disposition of this case it becomes unnecessary to consider them.

The judgment is reversed with instructions to enter judgment for defendant.

HALLEY, C. J., and JOHNSON, V. C. J., and WELCH, CORN, DAVISON and BLACKBIRD, JJ., concur.